[No. F015409. Fifth Dist. Dec. 4, 1991.]

PAUL ALAN COOMBS, Plaintiff and Appellant, v.
A. A. PIERCE, as Director, etc., Defendant and Respondent.

**572**

### COUNSEL

Ronald A. Jackson for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, N. Eugene Hill, Assistant Attorney General, Henry G. Ullerich and Martin H. Milas, Deputy Attorneys General, for Defendant and Respondent.

### OPINION

**VARTABEDIAN, J.**—This appeal concerns the proof of a person's blood-alcohol concentration needed to sustain an "administrative per se" suspension of that person's license to drive. Before reciting the particulars of the instant case, we synopsize, in relevant part, the statutory scheme involved.

A law went into effect on July 1, 1990, authorizing the Department of Motor Vehicles (DMV) to revoke a person's privilege to drive a motor vehicle for either six months or one year for driving with a concentration of alcohol in his or her blood equal to or in excess of .10 percent.[1] (Stats. 1989, ch. 1460, § 1 et seq.) After arresting an individual for driving with an excessive concentration of alcohol in his or her blood, a peace officer confiscates the driver's license immediately; simultaneously, the peace officer issues a 45-day temporary permit. (Veh. Code,[2] § 13353.2, subds. (a) and (b); § 23158.5, subds. (a) and (b).)

Based upon the peace officer's sworn report, the DMV is then required to review the officer's determination and make its own determination of the

---

[1]Subsequent to the instant incident, the law was amended to provide a threshold level of .08 percent.

[2]All future code references are to the Vehicle Code unless otherwise noted.

facts by a preponderance of the evidence; this ruling is final unless the driver timely requests a hearing. (§ 13353.2, subd. (d); § 13557, subds. (a) and (b)(2).)

If the driver has timely requested it, an administrative hearing is conducted by the DMV; the parties are not limited to the evidence considered in the administrative review. (§ 13558, subd. (b).) The ruling from this hearing is subject to a timely request by the driver for review by the DMV; no person conducting the original hearing is allowed to participate in this review. (§ 14105.5.)

Within 30 days of the issuance of the final notice of the DMV's determination sustaining the order of suspension of the driver's license, the driver may petition for review in superior court; the court is limited to the evidence presented in the section 13558 hearing, and the standard of its review is whether the DMV's determination is "supported by the evidence in the record." (§ 13559, subd. (a).)

None of the findings rendered by the DMV or the court in these civil proceedings have collateral estoppel effect in criminal proceedings brought against the driver. (§ 13353.2, subd. (e); § 13558, subd. (g); § 13559, subd. (b).)

In the instant case, appellant was arrested on July 7, 1990, by California Highway Patrol Officer T. S. Roberts for driving under the influence of alcohol. Pursuant to section 23158.5, subdivision (a), Roberts issued an administrative per se order of suspension to appellant at the scene of the arrest. Roberts had determined that appellant's blood-alcohol content was in the range of .16 to .17 percent, based upon a breath test he gave appellant. Roberts filed a sworn statement with the DMV as required by section 23158.2.

On August 1, 1990, a hearing was held pursuant to section 13558 before DMV hearing officer Joyce Giddings. A corrected "Notice of Findings and Decision" was issued by Giddings on August 17, 1990. Her findings included that appellant was placed under lawful arrest and that he was in actual control of a vehicle when he had .10 percent or more by weight of alcohol in his blood.

The decision of administrative review by the DMV was issued on September 10, 1990, upholding the hearing officer's determination.

Appellant filed a petition for writ of mandate in the Kern County Superior Court on October 10, 1990. An alternative writ issued and a hearing was held on the order to show cause before the superior court on December 5, 1990.

On January 14, 1991, the superior court denied appellant's petition for writ of mandate.

The court's minute order read in its entirety:

"Based upon an independent judgment from the record of the Department of Motor Vehicle's [sic] administrative hearing, the Petition for Writ of Mandate is denied.

"The record reflects that there was probable cause to arrest based upon the objective symptoms reported by the arresting officer. The objective symptoms of being under the influence include those items specifically reported by the arresting officer, namely, ordor [sic] of alcohol, bloodshot eyes, unsteady gait, slurred speech, unsteady feet and excessive speed.

"The legislature has established a procedure to be utilized by an administrative agency in the administration of issuance, recission [sic] and suspension of driving privileges. This court finds that the procedure does not violate either decisional or constitutional law.

"The G.C. Intoximeter MK II, model 3,000, as utilized in Kern County, is an 'approved instrument' as such words are used in Title 17 of the California Code of Regulations and the Federal Register. Furthermore, the results of the breath alcohol analysis go to the weight to be given the results rather than to the admissibility. The results of the instrument were properly received at the administrative hearing. The results showed a blood alcohol level of .16 and .17.

"The action taken by the Department of Motor Vehicles was proper. The Petition for Writ of Mandate is denied."

Appellant appeals the superior court's denial of his petition.

DISCUSSION

While both parties acknowledge that the procedure set forth in Code of Civil Procedure section 1094.5 is the traditional means for judicially reviewing final decisions of an administrative agency, they disagree as to the effect of section 13559, subdivision (a), as read in conjunction with or in opposition to Code of Civil Procedure section 1094.5.

In superior court, appellant referred to his petition as one for writ of mandate and there was no written objection by respondent disputing that the

petition for writ of mandate was the appropriate procedure. However, at the hearing on the petition, respondent argued to the court:

"[T]his is not a mandmus [*sic*] proceeding. This is a petition for review under Vehicle Code Section 13559. And the new legislation, in other words, even changed the way judicial review is done. The courts have generally accepted filings that purport to be petitions for writ of mandate to be equivalent to a petition for review."

Respondent argues that section 13559 establishes a new and different procedure for judicial review, distinct from that set out in Code of Civil Procedure section 1094.5. Respondent claims the Legislature specifically limited the superior court's scope of review, citing the following language found in section 13559, subdivision (a):

"If the court finds that the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is not supported by the evidence in the record, the court may order the department to rescind the order of suspension or revocation and return, or reissue a new license to, the person."

■  Regardless of how it is labeled, a petition challenging an administrative order based on the instant statutory scheme is heard by the court pursuant to the provisions of section 13559, that being the specific enactment regarding judicial review of administrative suspension of driving privileges due to driving with excessive blood-alcohol content. If that section clashes with the more general provisions of Code of Civil Procedure section 1094.5, the specialized provisions of section 13559 control; if section 13559 is silent on some particular procedure, the general provisions for administrative mandamus apply. (See *Louisiana-Pacific Corp.* v. *Humboldt Bay Mun. Water Dist.* (1982) 137 Cal.App.3d 152, 156 [186 Cal.Rptr. 833], regarding harmonizing of statutes and the general statute yielding to the specific.)

■  Since the sufficiency of the evidence presented at the administrative hearing is the concern at hand, deciding between whether the petition here was one for review versus one for mandate would be a purely academic discourse anyway. The superior court must apply the independent judgment standard in either event.

The standard of the superior court's review of evidence found in section 13559 is whether the DMV's determination is supported by the evidence in the record. This standard of review is entirely consistent with that stated in

Code of Civil Procedure section 1094.5, subdivision (b), which states that abuse of discretion is established if "the findings are not supported by the evidence"; Code of Civil Procedure section 1094.5, subdivision (c) goes on to describe the standard as one of "independent judgment" where authorized by law.

■ "A driver's license is a fundamental right for the purpose of selecting the standard of judicial review of an administrative decision to suspend or revoke such license . . . . [S]uspension . . . should be ordered only after the administrative record receives that 'independent judgment review.' " (*Berlinghieri* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 392, 398 [188 Cal.Rptr. 891, 657 P.2d 383].) Thus the trial court appropriately used the independent review standard and would have been correct in denying the petition if the findings of the administrative hearing officer were supported by the weight of the evidence. (See *Daniels* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 532 [189 Cal.Rptr. 512, 658 P.2d 1313].)

■ When the trial court is authorized to exercise independent judgment on the evidence, on appeal the appellate court need only review the record to determine whether substantial evidence supports the trial court's findings. (See *Stearns* v. *Fair Employment Practice Com.* (1971) 6 Cal.3d 205, 211 [98 Cal.Rptr. 467, 490 P.2d 1155]; Cal. Administrative Mandamus 2d (Cont.Ed.Bar 1989) § 4.163, p. 207.)

Appellant makes a wholesale attack on the DMV's procedure in the administrative hearing, arguing that the DMV exceeded its constitutional and statutory authority, that it acted in an arbitrary and capricious manner, and that it made an erroneous interpretation of the law. We need not discuss these other claims because we agree with appellant's principal contention that the determination against him was not supported by sufficient evidence in the record.

■ The heart of appellant's argument is that respondent failed to meet the foundational requirements to support the necessary scientific evidence. He cites *People* v. *Adams* (1976) 59 Cal.App.3d 559 [131 Cal.Rptr. 190] for the proposition that the breath test results are not established unless the measuring instrument used was licensed by the state or, alternatively, the traditional foundational prerequisites are shown.

These foundational prerequisites for admissibility of breath test results are: (1) the particular apparatus was in proper working order, (2) the test used was properly administered, and (3) the operator was competent and qualified. (*People* v. *Adams, supra*, 59 Cal.App.3d 559, 561.)

At the administrative hearing, no testimony was taken. Four documents were presented at the administrative hearing: (1) Officer Roberts's sworn

form statement, (2) the administrative per se order of suspension, (3) a copy of the citation, and (4) a narrative supplement signed by the officer. Superimposed on that narrative was a photocopy of the breath test which had been administered to appellant showing a blood-alcohol percentage of .16 and .17. Appellant's counsel objected to the admission of item No. 4.

Appellant did not testify. Appellant submitted to the administrative hearing officer a document entitled "Forensic Alcohol Laboratory License," showing license No. 90030, issued January 1, 1990, with an expiration date of December 31, 1990, being the license for the Kern County Regional Criminalistics Laboratory in Bakersfield. Appellant argued that the laboratory's license does not include the particular instrument used here. His counsel stated:

"Because there has been no showing of any Administrative or any compliance with Title 17, and more particularly because not even a licensing to use this machine, it is our contention that the use of any evidence of a breath test taken on the Intoxsymeter [sic] 3000 is inadmissable [sic] in this hearing, and for, therefore, there is no competent evidence upon which this hearing officer can make a determination that . . . Mr. Coombs' blood alcohol level was .10 or .08, or any other level or higher."

The hearing officer was not persuaded and upheld the suspension of the license.

At the superior court hearing, appellant renewed his argument that the Intoximeter 3000 test result was inadmissible since no foundation had been laid "and to merely bring in an unverified copy of a print out does not establish its accuracy."

Respondent did not argue that the laboratory was licensed but had this to say:

"Now, what I have done is I have asked this Court to take judicial notice of the United States Federal Register, and I've attached this as Exhibit 4 to my pleadings, and you'll find right in the middle that under 'intoximeters,' it says 'Model 3000' and all of the little sub models . . . and then if we look at our code, what the code says is that only such types of models and instruments and related accessories as are named in the conforming products list published in the Federal Register by the National Highway and Traffic Safety Administration of the U.S. Department of Transportation shall be used for breath alcohol analysis in this state.

"The Kern County Criminalistics Laboratory has complied with this regulation. It's listed on there and it was listed on there prior to the arrest in this case and the test in this case."

Appellant objected to the court's taking judicial notice since that constituted taking new evidence, not permitted by section 13559. Respondent admitted that the section so provided but argued: ". . . under a petition for review neither party can produce any evidence that was not produced at the administrative hearing. However, the exception I'm referring to is, of course, the Evidence Code provides that a court may always take judicial notice, and things that may be judicially noticed are not considered barred because it wasn't brought up in the proceeding below."

Respondent does not cite any authority for the proposition that a court may "always" take judicial notice, especially in light of a specific legislative enactment that says the court "shall not consider other evidence." ▮ Legislative enactments are to be construed in accordance with the ordinary meaning of the language used if the language is not ambiguous and an absurd result does not follow. (*Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 609 [189 Cal.Rptr. 871, 659 P.2d 1160].)

Respondent argues that section 13559 does not preclude judicial notice under these circumstances, saying: "If the legislature intended this extraordinary effect, then it would have expressly included a bar against judicial notice." ▮ The Legislature provided that the court "shall not consider other evidence." We determine this to be a categorical statement, disallowing evidence to be judicially noticed as well as other forms of evidence.

Nor could the court here have properly allowed this evidence under traditional mandamus procedure. ▮ Code of Civil Procedure section 1094.5, subdivision (e) provides that the court may admit evidence at the hearing without remanding the case where the court finds that there is relevant evidence which "in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before respondent." Respondent failed to show that the matter requested to be judicially noticed was not available at the time of the administrative hearing or that it was improperly excluded.

▮ Even if this page from the Federal Register were admissible, it fails to provide the missing foundational proof. That document represents that the models listed, including the Intoximeter 3000, conform to certain specifications. Respondent argued that California regulations require that testing equipment come from this list; this is a far cry from showing that the listed models are deemed reliable wherever utilized. The document clearly fails to provide a foundation of reliability of the particular machine utilized in Kern County and the manner in which it was used on this occasion.

The superior court used the "Federal Register" evidence as a basis to find the testing involved here was sufficiently reliable. The court thus gave

weight to the breath test result, finding that the evidence in connection therewith "[went] to the weight to be given the results rather than to the admissibility."

The court's comments missed the mark not only because the new evidence was inadmissible and lacking in probativeness; under these circumstances the failure of the Kern County laboratory to obtain licensure from the state for its Intoximeter 3000 did go to the issue of the admissibility of the test results. This situation is in contrast with that presented by the facts in *People v. Adams, supra,* 59 Cal.App.3d 559, 567, where evidence of noncompliance with the regulations went only to the weight of the evidence *because* the foundational prerequisites of admissibility were independently established. The *Adams* court recognized that compliance with state Department of Health requirements itself provided reliability; however, absence of such proof did not disallow the proponent of the test evidence from providing test reliability by way of traditional foundational evidence. (*Id.* at pp. 564-565.)

The question here becomes whether there was sufficient competent evidence produced at the administrative hearing to support the finding that appellant drove with a blood alcohol percentage exceeding .10.

While the officer's narrative report was admissible into evidence pursuant to *Snelgrove v. Department of Motor Vehicles* (1987) 194 Cal.App.3d 1364, 1374 [240 Cal.Rptr. 281], the mere attachment of a photocopy of the test result lacks evidentiary foundation to support any fact to be derived from that attachment.

"When an administrative agency initiates an action to suspend or revoke a license, the burden of proving the facts necessary to support the action rests with the agency making the allegation." (*Daniels v. Department of Motor Vehicles, supra,* 33 Cal.3d 532, 536.)

Government Code section 11513, subdivision (c), provides in part, "Hearsay evidence may be used [in administrative hearings] for the purpose of supplementing or explaining other evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions."

" '[A]ssurance of a desirable flexibility in administrative procedure does not go so far as to justify orders without a basis in evidence having rational probative force.' " (*Daniels v. Department of Motor Vehicles, supra,* 33 Cal.3d 532, 536, quoting from *Edison Co. v. Labor Board* (1938) 305 U.S. 197, 230 [83 L.Ed. 126, 140, 59 S.Ct. 206].)

Health and Safety Code section 436.51 establishes standards for regulating laboratories which perform tests and analyses for law enforcement agencies. Testing of breath samples is to be performed in accordance with regulations adopted by the state Department of Health Services. (Health & Saf. Code, § 436.52.) The regulations promulgated pursuant to that legislation are found at 17 California Code of Regulations, section 1215 et seq.: section 1216, subdivision (a) requires a valid license issued in accordance with the provisions of the regulations; section 1217.4 notes that a license implies approval by the Department of Health Services only for what is specified on the document.

Appellant presented evidence at the DMV hearing that the Kern County laboratory had received licensing on only two instruments—the Breathalyzer Model 900 and the Gas Chromatograph Intoximeter Mark II. Respondent did not dispute this showing, nor was there any evidence that licensing had been granted for operation of the Intoximeter 3000.

■ Since the Kern County Regional Criminalistics Laboratory was not authorized under its license to utilize the Intoximeter 3000, respondent had to establish the reliability of the instrument and method followed. None of the three foundational prerequisites stated in *Adams* were established: there was no testimony regarding the apparatus being in working order at any time; there was no showing of how the test was administered; and there was no information regarding who the operator was (presumably Officer Roberts) or if he was competent and qualified to administer the test. Thus the foundational prerequisites were not established either by licensure to operate the particular testing instrument or through the procedure set out in *People v. Adams, supra*, 59 Cal.App.3d at page 561.

■ Respondent finally argues that it is not held to such a standard of proof under this statutory scheme. According to respondent, the Legislature "deemed the instruments which record blood alcohol concentrations reliable and trustworthy enough to only require the officer to report the *results* of the test and for the DMV to render a finding based on such a report." While respondent recognizes that the driver then has an "opportunity to contest" the DMV's initial summary finding, it views the driver as having the burden at the section 13558 hearing to overcome the presumed validity of the test.

The statute says nothing about the driver starting the hearing with such a burden. Quite to the contrary, one of the stated legislative purposes of the enactment was to protect against erroneous deprivation of one's driving privileges by providing an opportunity for a "full hearing." (Stats. 1989, ch. 1460, § 1.) Moreover, the Supreme Court has established in somewhat

analogous DMV proceedings that, although mere reports presented without proof of reliability suffice to support an initial summary finding of license suspension, once "the licensee requests a hearing, the . . . report is in itself insufficient to establish a prima facie showing of the facts supporting the suspension of a driver's license." (*Daniels* v. *Department of Motor Vehicles*, *supra*, 33 Cal.3d 532, 541.)

Here, appellant not only timely requested and received an administrative hearing, he specifically objected to the admission of the test results, challenged their reliability, and presented his own evidence that the Kern County Regional Criminalistics Laboratory had not been specifically licensed and authorized by the state Department of Health Services to operate the instrument which produced the purported test results. A finding of the validity of a test so challenged requires competent evidence.

There was not sufficient evidence presented at the administrative hearing to support the findings necessary to uphold the suspension of appellant's license.

## DISPOSITION

The judgment of the superior court is reversed. We direct said court to grant appellant's petition. Appellant is awarded his costs on appeal.

Best, P. J., and Harris, J., concurred.

A petition for a rehearing was denied December 31, 1991, and respondent's petition for review by the Supreme Court was denied February 20, 1992.