[No. F017609. Fifth Dist. Sept. 17, 1992.]

RAYMOND WILLIAM WILSON, Plaintiff and Respondent, v.
FRANK S. ZOLIN, as Director, etc., Defendant and Appellant.

COUNSEL

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Floyd D. Shimomura, Acting Assistant Attorney General, Linda A. Cabatic and Daniel G. Stone, Deputy Attorneys General, for Defendant and Appellant.

Larry M. Lee for Plaintiff and Respondent.

OPINION

**VARTABEDIAN, J.**—California Highway Patrol Officer R. C. Madrigal determined that Raymond William Wilson, who had suffered a single-car

accident, had driven with a blood-alcohol concentration of .13 percent. Madrigal submitted his sworn report to the Department of Motor Vehicles (DMV); the report stated the blood-alcohol result was based upon the result generated by the breath testing instrument used by Madrigal to test Wilson.

Under the "administrative per se" provisions of the Vehicle Code,[1] DMV suspended Wilson's driving privilege; that determination was sustained during DMV's internal administrative review. Wilson then contested the suspension at an administrative hearing. The same sworn documents prepared by Officer Madrigal constituted the evidence supporting the suspension. Wilson objected that this evidence was hearsay and lacked foundation. The objection was overruled. Although he testified regarding hardships that would result from the suspension, Wilson presented no evidence contrary to the validity of his arrest and the accompanying test result. DMV sustained its earlier findings and ordered the suspension.

In superior court, Wilson challenged the DMV ruling, claiming the suspension was based on inadmissible evidence. The court ruled:

"I find no evidence that the laboratory furnishing the reports was a licensed forensic laboratory. Thus the court cannot consider the report as a public record exception to the hearsay rule. (See *[Imachi]* v. *Dept of Motor Vehicles* [(1992) 2 Cal.App.4th 809 (3 Cal.Rptr.2d 478 [3 Cal.Rptr.2d 478])]).

"Accordingly, the petition is granted as prayed for."

DMV appeals.

■ We conclude that, contrary to the superior court's ruling, the documentary evidence in question was admissible; based on the totality of the evidence, the suspension of Wilson's license by DMV was proper.

## DISCUSSION

It is clear that the trial court misplaced reliance on *Imachi* v. *Department of Motor Vehicles* (1992) 2 Cal.App.4th 809 [3 Cal.Rptr.2d 478]. There, the blood test was not performed by the affiant officer. The sworn statement of the officer was the only evidence offered on the issue of the test result, and it merely provided that the results had been "reviewed" by the officer who

---

[1]The initial procedures for suspending one's driving privilege for driving with a blood-alcohol level of .08 percent or greater are found at Vehicle Code section 13353.2, subdivisions (a) through (d), the details of which are not pertinent to this appeal.

determined the information to be "true and correct." (*Id.* at p. 812.) The recitations were not "firsthand observations" and thus did not establish "the accuracy of the test results themselves or the propriety of procedures employed in obtaining them." (*Id.* at p. 816.) By contrast, the instant sworn statement of Officer Madrigal was a firsthand account and thus did not present the hearsay obstacle discussed in *Imachi*.

Nor does our holding in *Coombs* v. *Pierce* (1991) 1 Cal.App.4th 568 [2 Cal.Rptr.2d 249] compel the result reached by the court. There, Coombs effectively refuted the documentary evidence in support of suspension by proving that the equipment used to produce the blood-alcohol result was not licensed as required by law; consequently, the result was unreliable unless foundational evidence established otherwise. The DMV, there, could not claim that it had carried its burden simply because "the Legislature 'deemed the instruments which record blood alcohol concentrations reliable and trustworthy enough to only require the officer to report the *results* of the test and for the DMV to render a finding based on such a report.' " (*Id.* at p. 580.)

Here, Wilson merely made hearsay and foundational objections to the sworn statement. Wilson now argues, as he argued successfully in the superior court, that the statement was not properly admitted at the administrative hearing under the "official record" hearsay exception found at Evidence Code section 1280 for lack of foundation of trustworthiness.[2]

The superior court's finding that there was no evidence at the administrative hearing that the officer's report came from a "licensed forensic laboratory" was essentially based on a determination that there was no evidence indicating trustworthiness; consequently, the court viewed the evidence as inadmissible hearsay and refused to consider the blood-alcohol test result.

However, the court's determination ignored the presumption stated in Evidence Code section 664, which, when applied to the instant facts, necessarily satisfied DMV's initial burden of proving indicia of trustworthiness. Madrigal's sworn statement was a record of the event in question prepared by a public employee, and thus was admitted at the hearing under the

---

[2]Evidence Code section 1280 provides:

"Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if:

"(a) The writing was made by and within the scope of duty of a public employee;

"(b) The writing was made at or near the time of the act, condition, or event; and

"(c) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

It is the requirement in subdivision (c) above that forms the basis of Wilson's argument.

hearsay exception pursuant to Evidence Code section 1280. (See *Daniels* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 532, 541 [189 Cal.Rptr. 512, 658 P.2d 1313]; and *Snelgrove* v. *Department of Motor Vehicles* (1987) 194 Cal.App.3d 1364, 1374 [240 Cal.Rptr. 281].) Pursuant to Evidence Code section 664, the DMV can rely upon the rebuttable presumption that the officer regularly performed his duty. (*Davenport* v. *Department of Motor Vehicles* (1992) 6 Cal.App.4th 133, 144 [7 Cal.Rptr.2d 818].)

Thus, the instant case rests upon a factual scenario very different from the one presented in *Coombs*. Coombs overcame the initial rebuttable presumption presented by the official record with evidence questioning the regularity with which his blood-alcohol-test result was derived. Our *Coombs* opinion recognized that, at the point the chemical result is competently challenged, the DMV could not simply prevail on a claim that it had already presented substantial evidence upon which it could prevail. While DMV had presented *admissible* evidence in the form of the officer's report, Coombs's evidentiary challenge of the very foundation of that evidence shifted the burden to force the DMV to establish foundation with competent evidence; DMV no longer had the benefit of the Evidence Code section 664 presumption. (See *Coombs* v. *Pierce, supra,* 1 Cal.App.4th 568, 581; and *Davenport* v. *Department of Motor Vehicles, supra,* 6 Cal.App.4th 133, 144.)

Here, Wilson presented no evidence that would burden DMV with presenting foundational evidence establishing the trustworthiness of the chemical test result. The Evidence Code section 664 presumption was not overcome. DMV properly admitted the test result at the administrative hearing and the evidence presented there was sufficient to support the suspension of Wilson's driving privilege.

### DISPOSITION

The judgment of the superior court is reversed. We direct said court to enter a denial of Wilson's petition consistent with the views expressed herein.

Martin, Acting P. J., and Stone (W. A.), J., concurred.