Filed 5/11/16  U.S. Grant Hotel Ventures  v. American Property Management Corp. CA4/1

**OPINION ON REHEARING**

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| U.S. GRANT HOTEL VENTURES, LLC, | D066490 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. GIC 845130) |
| AMERICAN PROPERTY MANAGEMENT CORPORATION et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Joan Lewis, Judge.  Affirmed.

Williams Iagmin and Jon R. Williams for Defendants and Appellants.

Procopio, Cory, Hargreaves & Savitch, Anthony J. Dain, Frederick K. Taylor and Brian J. Kennedy, for Plaintiff and Respondent.

American Property Management Corporation (APMC), APMC San Diego Hotel Management, LLC (Hotel Management), and Michael Gallegos appeal from an order awarding U.S. Grant Hotel Ventures, LLC (USG) attorney's fees as the prevailing party on its tort claims for breach of fiduciary duty and conversion

arising out of a contract. Appellants contend the trial court erred in awarding USG its attorney's fees. We filed our opinion, reversing the award of attorney's fees under Code of Civil Procedure section 1021. We granted rehearing and allowed the parties to submit supplemental briefing to address USG's claim for attorney's fees under Civil Code section 1717, an argument USG presented to the trial court that we failed to address in our original opinion. (Undesignated statutory references are to the Civil Code.) We have reviewed and considered the briefs filed by the parties. We now affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Sycuan Investors — U.S. Grant, LLC (Sycuan Investors) formed USG to own and acquire the U.S. Grant Hotel (the hotel) through the adoption of an Operating Agreement. The Operating Agreement named Hotel Management as the manager of USG. The Operating Agreement anticipated that USG and Hotel Management would enter into another agreement whereby Hotel Management would manage the hotel operations. Two days later, USG and Hotel Management executed the Hotel Management Agreement (Managing Agreement) setting forth the terms and conditions under which Hotel Management would manage the hotel.

In 2005, USG notified Hotel Management that it was terminating the Managing Agreement due to alleged "mismanagement, misappropriation of funds and breach of fiduciary duty." Thereafter, USG sued APMC, Hotel Management, and Gallegos alleging, among other things, that APMC and Hotel Management breached the Managing Agreement and APMC, Hotel Management and Gallegos

2

breached the Operating Agreement. USG also alleged numerous causes of action sounding in tort, including that Hotel Management and Gallegos breached a fiduciary duty owed under the Operating Agreement and converted funds. In turn, Hotel Management and Gallegos filed a cross-complaint against USG asserting, among other things, that it was entitled to liquidated damages due to USG's wrongful termination of the Managing Agreement.

USG prevailed on the claims, but this court reversed the judgment on the ground the trial court erred in not permitting extrinsic evidence offered by Hotel Management. (See *U.S. Grant Hotel Ventures, LLC v. American Property Management Corp. et al.* (Oct. 16, 2008, D048746, D050053) [nonpub. opns.], (*U.S. Grant I*).) On remand, the trial court granted USG's motion to dismiss the cross-complaint finding USG was entitled to sovereign immunity as a subordinate economic entity of the Sycuan tribe. This court rejected USG's belated assertion of sovereign immunity, reversed the lower court's dismissal of Hotel Management and Gallegos's cross-complaint, and remanded the matter for further proceedings. (*American Property Management Corp. v. Superior Court* (*U.S. Grant Hotel Ventures, LLC*) (2012) 206 Cal.App.4th 491, 495, 508.)

On remand, the jury rejected USG's claim that Hotel Management breached the Operating Agreement on the ground USG and Hotel Management did not enter into the Operating Agreement. The jury, however, found in favor of USG on its claims for breach of the Managing Agreement, breach of fiduciary duty and

3

conversion of $1,350,000 from an operating account. The jury awarded USG the total of $1,350,000 in damages.

Hotel Management's operative cross-complaint alleged that USG breached the Managing Agreement by wrongfully terminating the agreement and refusing to pay fees and liquidated damages. On this claim, the jury found in favor of Hotel Management and awarded them liquidated damages and other damages for a total of over $5 million in damages. Posttrial motions resulted in a conditional remittitur which reduced Hotel Management and Gallegos's damages to about $3.2 million.

Thereafter, the trial court granted Hotel Management its attorney's fees and costs under section 1717 as the prevailing parties under the Managing Agreement, with Hotel Management receiving about $3.35 million in attorney's fees. USG then sought to be declared the prevailing party under Code of Civil Procedure section 1021 on the Operating Agreement for its success on its tort claims for breach of fiduciary duty and conversion arising out of the Operating Agreement. Initially, USG did not seek attorney's fees under section 1717 and conceded in its motion that this statute did not apply. In amended points and authorities, USG asserted it was also a prevailing party under section 1717. USG argued that the terms of the Operating Agreement made it a party thereto. Alternatively, USG asserted it was a third party beneficiary to the Operating Agreement. The trial court awarded USG about $4.2 million in attorney's fees as the prevailing party under the Operating Agreement. Hotel Management timely appealed from this

4

postjudgment order. Although there are two other appellants, the order awarded fees solely against Hotel Management; accordingly, we limit our discussion to this party.

## DISCUSSION

### I. *General Legal Principles*

In California each party to a lawsuit ordinarily must pay his or her own attorney's fees. (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 516.) "Code of Civil Procedure section 1021 codifies the rule, providing that the measure and mode of attorney compensation are left to the agreement of the parties '[e]xcept as attorney's fees are specifically provided for by statute.' " (*Ibid.*) One such statute is section 1717 which provides "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (§ 1717, subd. (a).) "When an action involves multiple, independent contracts, each of which provides for attorney fees, the prevailing party for purposes of . . . section 1717 must be determined as to each contract regardless of who prevails in the overall action. [Citation.] The fact that a party 'obtained a higher net recovery in the lawsuit is irrelevant to the determination of which party prevailed on any particular action on

5

a contract.' " (*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.* (1996) 47 Cal.App.4th 464, 491.)

The purpose of section 1717 is to establish a mutuality of remedy and "prevent oppressive use of one-sided attorney's fees provisions." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128.) To accomplish this purpose, the statute has been interpreted to provide for an award of attorney's fees to a defendant who has not signed a contract, but is sued as if it had, if the plaintiff would have been able to recover attorney's fees under the contract if the plaintiff prevailed. (*Ibid.*) This rationale also applies to a nonsignatory plaintiff seeking to enforce a contract against a signatory defendant. (*Real Property Services Corp. v. City of Pasadena* (1994) 25 Cal.App.4th 375, 380-381.) At least "[t]wo situations may entitle a nonsignatory party to attorney fees." (*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966.) "First is where the nonsignatory party 'stands in the shoes of a party to the contract.' [Citation.] Second is where the nonsignatory party is a third party beneficiary of the contract." (*Ibid*.)

To invoke section 1717 and its reciprocity principles a party must show (1) it was sued on a contract containing an attorney fee provision; (2) it prevailed on the contract claims; and (3) the opponent would have been entitled to recover attorney's fees had the opponent prevailed. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610-611.) The term " 'on a contract' " as used within section 1717 is liberally construed to extend to any action involving a contract. (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894 (*Blickman*).)

6

The "party prevailing" is "the party who recovered a greater relief in the action on the contract."  (§ 1717, subd. (b)(1).)

We review a trial court's prevailing party determination for abuse of discretion and its determination of the legal basis for an award of attorney fees de novo.  (*Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 448-449.)  In interpreting a contract, we apply the general rules of contract interpretation with the objective of giving effect to the mutual intent of the parties at the time of contracting.  (*City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 382.)  Where no extrinsic evidence is offered to interpret the agreement, it is solely a judicial function to interpret the written instrument.  (*Id.* at pp. 382-383.)

## II.  *Analysis*

The Operating Agreement provided: "If any legal action . . . is commenced arising out of this Agreement, the prevailing party shall be entitled to an award of its attorneys' fees and expenses . . ."  "The phrase 'prevailing party' shall include a party who receives substantially the relief desired whether by dismissal, summary judgment, judgment or otherwise."  The language of this provision is broad enough to encompass both contract actions and actions in tort.  (*Lerner v. Ward* (1993) 13 Cal.App.4th 155, 157-158, 160 [noting the language " 'arising out of this agreement' " supported an award of attorney's fees for tort-based causes of action].)

The Operating Agreement does not define the word "party" and the attorney fee provision is not limited to the actual parties to the contract.  (Compare,

7

*Blickman*, *supra*, 162 Cal.App.4th at p. 896 [attorney fees provision expressly limited to " 'litigation between the parties hereto' " precludes recovery by third parties].) Accordingly, USG may be entitled to the benefit of the attorney fee provision if it is a party or a third party beneficiary to the Operating Agreement.

The jury concluded that USG and Hotel Management did not enter into the Operating Agreement. Thus, USG is not a party to the Operating Agreement in the traditional sense. (Black's Law Dictionary (10th ed. 2014), p. 1297 [defining "party" as someone taking part in a transaction].) Nonetheless, under California law, third party beneficiaries of contracts have the right to enforce the terms of a contract made expressly for their benefit. (§ 1559.) " 'If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person.' " (*Spinks v. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th 1004, 1022.)

"The party claiming to be a third party beneficiary bears the burden of proving that the contracting parties actually promised the performance which the third party beneficiary seeks. This remains largely a question of interpreting the written contract." (*Loduca v. Polyzos* (2007) 153 Cal.App.4th 334, 341.) While third party beneficiary status is often a question of fact, where "the issue can be answered by interpreting the contract as a whole and doing so in light of the uncontradicted evidence . . . the issue becomes one of law that we resolve

8

independently." (*Prouty v. Gores Technology Group* (2004) 121 Cal.App.4th 1225, 1233.)

As a threshold matter, while belated, USG did rely on a third party beneficiary theory before the trial court. Additionally, USG argued this theory in its respondent's brief on appeal. Thus, we reject Hotel Management's argument that USG waived this theory.

As Hotel Management concedes, the Operating Agreement burdened USG with certain duties and responsibilities, including: indemnifying Sycuan Investors or Hotel Management; entering into the Managing Agreement; reimbursing Hotel Management's expenses in connection with the formation and organization of USG; maintaining bank accounts in its name; and being liable for the return of Sycuan Investors's capital account. Additionally, the Operating Agreement created contractual duties that Hotel Management owed to USG, including not taking certain actions impacting USG without prior written approval from Sycuan Investors. The Operating Agreement also expressly provided that Hotel Management owed USG a fiduciary duty. Critically, the Operating Agreement does not expressly disclaim that it creates any rights or confers any benefits on third parties. The Operating Agreement, as a whole, shows the intent to benefit USG, thus qualifying USG as a third party beneficiary. We reject Hotel Management's argument that this matter should be remanded to the trial court to determine the parties' intent as the provisions of the Operating Agreement are unambiguous. (*Wolf v. Walt Disney Pictures & Television* (2008) 162

9

Cal.App.4th 1107, 1126.) Where, as here, the contract is clear and explicit, the parties' intent is determined solely by reference to the language of the agreement. (See §§ 1638, 1639, 1641, 1644.)

To be entitled to a contractual fee award under section 1717, USG must be "the party prevailing on the contract." (§ 1717, subd. (b)(1).) We first address whether USG's claims were "on the contract" and then examine whether USG was the prevailing party on these claims.

" 'Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual; if based on breach of a noncontractual duty it is tortious. [Citation.] If unclear the action will be considered based on contract rather than tort. [Citation.] [¶] In the final analysis we look to the pleading to determine the nature of plaintiff's claim.' " (*Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1178-1179 (*Kangarlou*).) We liberally construe the phrase "on a contract" to extend to any action that involves a contract. (*Turner v Schultz* (2009) 175 Cal.App.4th 974, 979-980.) One court distilled the following principle: "An action (or cause of action) is 'on a contract' for purposes of section 1717 if (1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement, and (2) the agreement contains an

10

attorney fees clause."  (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 241-242.)  Both of these prongs are satisfied.

USG sued Hotel Management for breach of the Operating Agreement, breach of fiduciary duty and conversion.  The Operating Agreement shows that Hotel Management agreed to be USG's manager and assumed a contractual fiduciary duty to USG.  USG alleged that Hotel Management improperly transferred $1.35 million from USG's operating account and claimed this transfer amounted to conversion and breach of the fiduciary duty that Hotel Management owed to USG under the Operating Agreement.  These claims were based on the Operating Agreement for purposes of an attorney fees award under section 1717. (*Kangarlou*, *supra*, 128 Cal.App.4th at pp. 1178-1179 [breach of fiduciary duty claim arising out of escrow agreement entitled prevailing plaintiff to attorney fees under section 1717]; *Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1151 [conversion claim based on contract allowed fee award under section 1717].)

USG did not prevail on its claim for breach of the Operating Agreement as the jury concluded that USG did not enter into the Operating Agreement with Hotel Management.  USG, however, prevailed on both its breach of fiduciary duty and conversion claims with the jury awarding it $1.35 million in damages.  Where, as here, neither party obtained a complete victory on all contract claims, the trial court has the discretion to determine which party prevailed on the contract.  (*Scott Co. of Calif. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109.)  In making this

11

determination the trial court compares the relief awarded on the contract claims with the parties' demands and litigation objectives. (*Ibid.*) We determine that the trial court did not abuse its discretion in concluding that USG was the prevailing party on the Operating Agreement.

Section 1717 authorizes attorney's fees "to the prevailing party . . . whether he or she is the party specified in the contract or not . . . ." A nonsignatory who prevails in an action on the contract is entitled to attorney's fees provided it would have been liable for fees had the other party prevailed. (*Reynolds Metals Co. v. Alperson*, *supra*, 25 Cal.3d at p. 129.) Here, had Hotel Management prevailed on the breach of fiduciary duty and conversion claims USG would have been liable for fees. As third-party beneficiaries to the Operating Agreement USG was entitled to attorney's fees by operation of the contract. (*Steve Schmidt & Co. v. Berry* (1986) 183 Cal.App.3d 1299, 1313, 1315-1317 [a third party beneficiary of a contract is entitled to attorney's fees if he is a prevailing party in litigation on the contract].) We therefore conclude that the trial court properly awarded USG its attorney's fees. Based on this conclusion, we need not address the parties' remaining arguments.

DISPOSITION

The order is affirmed.  USG is awarded its costs on appeal.


McINTYRE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


NARES, J.

13