[Civ. No. 22801. Fourth Dist., Div. One. Feb. 27, 1981.]

JEFFREY PHILLIP BEHAN, Plaintiff and Respondent, v.
DORIS ALEXIS, as Director, etc., Defendant and Appellant.

404

■■■■■■■■■■■■■

Counsel

George Deukmejian, Attorney General, and Janelle B. Davis, Deputy Attorney General, for Defendant and Appellant.

Henderson & Henderson and Stephen K. Henderson for Plaintiff and Respondent.

Opinion

**WIENER, J.**—This case involves what we will describe as the "disappearing" lawful arrest in the context of a driver's license suspension by the Department of Motor Vehicles (DMV). We decide, "Once a lawful arrest, always a lawful arrest" under Vehicle Code section 13353, regardless of the disappearance of the word "arrest" pursuant to the application of Penal Code sections 849.5 and 851.6. We reverse the judgment setting aside the suspension of Jeffrey Phillip Behan's driver's license and instruct the trial court to enter judgment for the DMV.

*Sanctions for Failure to Comply With California's Implied Consent Law; a Warrantless Arrest Without an Accusatory Pleading Becomes a Detention*

California's implied consent law, Vehicle Code section 13353, obligates any driver to submit to one of three chemical tests to establish the alcoholic content of his blood if lawfully arrested for any offense allegedly committed while driving a motor vehicle under the influence of intoxicating liquor. Where the driver fails to complete a test, the DMV is required to suspend his driver's license for a period of six months. (Veh. Code, § 13353, subds. (b) and (c).) Where, however, the arrest is unlawful, the driver's license may not be suspended. (*Shackelton v. Department of Motor Vehicles* (1975) 46 Cal.App.3d 327, 330-331 [119 Cal.Rptr. 921].)

Penal Code section 849.5 provides: "In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, any record of arrest of the person shall include a record of release. *Thereafter, the arrest shall not be deemed an arrest, but a*

■■■■■■■■

*detention only.*" (Italics supplied.) The person released after a warrant-less arrest without being formally charged is entitled to a certificate describing the action as a detention. (Pen. Code, § 851.6.)

*Procedural Background*

Behan was arrested for drunk driving. He did not complete a chemical test for alcohol consumption and no accusatory pleading was filed.

At a formal hearing on August 6, 1979, the DMV, pursuant to Vehicle Code section 13353, suspended Behan's license for six months effective December 27, 1979. On January 22, 1980, Behan received his Penal Code section 851.6 certificate. Armed with "chutzpah," his certificate, and pointing to *Shackelton*, he sought a writ of mandate in the superior court claiming his license could not be suspended because a lawful arrest is essential to the application of Vehicle Code section 13353. The court, exercising its independent judgment on the record before it, factually concluded Behan was lawfully arrested. However, by giving precedence to Penal Code sections 849.5 and 851.6 it commanded the DMV to set aside its order revoking the suspension of Behan's license. This appeal followed.

**■** *Penal Code Sections 849.5 and 851.6, Subdivision (b) Do Not Automatically Apply in the Context of Vehicle Code Section 13353*

This case turns on our interpretation of the scope of Penal Code sections 849.5 and 851.6, subdivision (b). **■** "Provisions of the Penal Code must be construed ""according to the fair import of their terms, with a view to effect its objects and to promote justice.'" . . . .'" (*In re Andrews* (1976) 18 Cal.3d 208, 212 [133 Cal.Rtpr. 365, 555 P.2d 97]; Pen. Code, § 4.) Accordingly, we must first determine the intent of the Legislature in enacting those sections so as to effectuate the purpose of the law construed in the light of the entire statutory scheme of which it forms a part. (*Merrill v. Department of Motor Vehicles* (1969) 71 Cal.2d 907, 918 [80 Cal.Rtpr. 89, 458 P.2d 33].) Our decision should reflect an interpretation of these provisions which will accomplish their objective while accommodating other important statutory and policy considerations.

**■** The primary purpose of sections 849.5 and 851.6, passed in 1975 as sections 1 and 1.5 of Assembly Bill No. 1277 (Stats. 1975, ch.

1117, pp. 2709-2712), is to prevent those who had been arrested, but not criminally charged, from suffering hiring discrimination based on the arrest. There is no hint the legislative scheme included the exculpatory effect of applying these sections to section 13353 as urged by Behan. This is evidenced, for example, by section 3 of the bill amending the Labor Code directed at the use of prior arrests or detentions in relation to hiring, promotions, terminations, and other related employment practices. (See Lab. Code, § 432.7.) Legal writers in discussing this legislation and its apparent predecessor have commented on their effectiveness in reducing the impact of arrest on employment not as a shield from civil prosecution. (See *Review of Selected 1975 California Legislation* (1976) 7 Pacific L.J. 237, 280-282; Karabian, *Record Of Arrest: The Indelible Stain* (1972) 3 Pacific L.J. 20.)

Vehicle Code section 13353 was passed to eliminate the carnage on our highways caused by those who drive after drinking excessively. Cases interpreting this code section repeatedly state "[t]he purpose of the Implied Consent Law is to obtain the best evidence of intoxication at the time of arrest and to provide a fair and accurate system of detection and protection of the public and to inhibit drunk driving. [Citation.]" (*Cahall* v. *Department of Motor Vehicles* (1971) 16 Cal. App.3d 491, 496 [94 Cal.Rptr. 182].) It is hardly a common sense result to conclude the Legislature intended to repeal that section without expressing that intent. ■ "Without the most cogent and convincing evidence, a court will never attribute to the Legislature the intent to disregard or overturn a sound rule of public policy. [Citations.]" (*Interinsurance Exchange* v. *Ohio Cas. Ins. Co.* (1962) 58 Cal.2d 142, 152 [23 Cal.Rptr. 592, 373 P.2d 640].) Our function, if possible, is to harmonize provisions of different codes to reach a wise result rather than an absurdity. (See *City of Costa Mesa* v. *McKenzie* (1973) 30 Cal. App.3d 763, 770 [106 Cal.Rptr. 569].) ■ As rational as a disappearing lawful arrest may be in the labor field, it is equally irrational to have it disappear under the cited Vehicle Code section. If so interpreted, those stopped for driving under the influence of liquor will have increased incentive to refuse blood-alcohol tests which are so essential to society's continuing efforts directed toward the detection and deterrence of drunk drivers. Rejection of every test will not only prevent charges from being filed, but the driver receives a premium—the lawful arrest disappears. This statutory interpretation—a bonus for drunk drivers and a Catch 22 for law enforcement—is one which we reject.

*Disposition*

The judgment is reversed with instructions upon remand to enter judgment for Department of Motor Vehicles.

Cologne, Acting P. J., and Todd (W. L.), J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.