[No. A057994. First Dist., Div. Three. May 11, 1993.]

ELIZABETH C. A. ARMONDO, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

## Counsel

Lewis & Johnson and William Gordon Lewis for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Henry Ullerich, Acting Assistant Attorney General, Jose R. Guerrero and Robert R. Buell, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**WERDEGAR, J.—**

### INTRODUCTION

Elizabeth C. A. Armondo appeals from the denial of a peremptory writ challenging the Department of Motor Vehicles' (DMV) suspension of her driving privilege. The appeal poses two questions: first, whether a "disappearing lawful arrest"—i.e., an arrest which, by operation of law, is subsequently deemed only a detention—may support an administrative per se suspension of a driver's license, one requirement of which is an arrest; and second, whether it was within the trial court's discretion to reject new evidence offered for the first time in the writ proceeding. We answer both questions in the affirmative. Accordingly, we affirm.

### BACKGROUND

Appellant was arrested on December 30, 1991, in Castro Valley on suspicion of driving under the influence of alcohol. After failing field sobriety tests, appellant was administered a breath test. The breath test results demonstrated appellant had a blood-alcohol content of 0.09 percent. Appellant was issued an administrative per se order of suspension of her driver's license. Shortly thereafter, she was issued a certificate of release from custody pursuant to Penal Code sections 849, subdivision (b) and 851.6, certifying she had been detained rather than arrested.

At the administrative hearing on the suspension of appellant's license, held January 31, 1992, appellant contended the certificate of release rendered her arrest invalid; thus, in the absence of a lawful arrest, the license suspension was improper. The DMV hearing officer upheld the suspension.

Appellant subsequently moved for a peremptory writ to overturn the suspension on the ground that, because she had been granted a certificate of release declaring her arrest to have been a mere detention, the DMV could not establish the elements required to sustain the suspension. Three court days before the hearing date, appellant filed a "Supplemental Motion to Present Newly Discovered Evidence."

The trial court denied both the motion to present newly discovered evidence and the writ petition. This appeal timely followed entry of judgment in favor of the DMV.

DISCUSSION

I. *A "Disappearing Lawful Arrest" Does Not Invalidate an Administrative Per Se Suspension of a Driver's License*

Under California's recently enacted "administrative per se" license suspension law (Veh. Code, § 13353 et seq.),[1] if chemical tests of blood-alcohol level show a person arrested for a drunk driving offense has a blood-alcohol content greater than 0.08 percent, that person must be served with a notice of order of suspension of his or her driving privileges. (§ 13353.2.) The driver is entitled to contest the suspension at an administrative hearing before the DMV. (§ 13558.) The DMV may uphold the suspension only if the hearing officer determines by a preponderance of the evidence "that the peace officer had reasonable cause to believe the person had been driving a motor vehicle in violation of Section 23152 or 23153, the person was placed under arrest, and the person was driving or was in actual physical control of a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood . . . ." (§ 13557, subd. (b)(2).)[2]

■ Appellant's principal challenge is to the second of the above elements. Pursuant to Penal Code section 849, subdivision (b), under certain circumstances a police officer may release an arrestee from custody without bringing him or her before a magistrate for the issuance of a complaint. In such cases, the arrest record must include a record of release and "[t]hereafter, such arrest shall not be deemed an arrest, but a detention only." (Pen. Code, §§ 849, subd. (c), 849.5.)[3] Moreover, a person arrested and released under the above provisions must be issued a certificate describing the action as a detention. (Pen. Code, § 851.6, subds. (a), (b).) Because her arrest must

---

[1]Unless otherwise indicated, all further statutory references are to the Vehicle Code.

[2]We quote the version of section 13557 in effect at the time of appellant's arrest. While the provision has been amended since then (Stats. 1992, ch. 974, § 9, eff. Sept. 28, 1992), the amendment does not affect this case.

[3]Penal Code section 849 states in relevant part: "(b) Any peace officer may release from custody, instead of taking such person before a magistrate, any person arrested without a warrant whenever: [¶] (1) He or she is satisfied that there are insufficient grounds for making a criminal complaint against the person arrested. [¶] (2) The person arrested was arrested for intoxication only, and no further proceedings are desirable. [¶] (3) The person was arrested only for being under the influence of a controlled substance or drug and such person is delivered to a facility or hospital for treatment and no further proceedings are desirable. [¶] (c) Any record of arrest of a person released pursuant to paragraphs (1) and (3) of subdivision (b) shall include a record of release. Thereafter, such arrest shall not be deemed an arrest, but a detention only."

Penal Code section 849.5 provides: "In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, any record of arrest of the person shall include a record of release. Thereafter, the arrest shall not be deemed an arrest, but a detention only."

be considered a mere detention, appellant contends, the DMV necessarily failed to satisfy its burden of proof. The contention is meritless.

The effect of a "disappearing lawful arrest" on the DMV's ability to suspend driving privileges of persons arrested for drunk driving came before the court in a similar context in *Behan* v. *Alexis* (1981) 116 Cal.App.3d 403 [172 Cal.Rptr. 132]. There, the suspension of Behan's license was based upon the implied consent law (former § 13353), which required the DMV to suspend the driver's licenses of suspected drunk drivers who refuse to submit to a chemical test for blood-alcohol content. (*Id.* at p. 405.) Behan was arrested for drunk driving, but did not complete a blood-alcohol test. While no criminal proceedings were brought against him, the DMV administratively suspended his license for six months. (*Id.* at p. 406.)

As here, Behan argued his license could not be suspended in the absence of a lawful arrest and, since he had been released without an accusatory pleading having been filed against him, his arrest could only be deemed a detention. The trial court agreed. Although it found the arrest lawful as a factual matter, the court concluded the certificate of release barred use of the arrest as a predicate for a license suspension. (*Behan* v. *Alexis, supra,* 116 Cal.App.3d at p. 406.)

The Court of Appeal reversed. Looking to the legislative purpose behind the relevant sections of the Penal and Vehicle Codes, the court determined the primary purpose of Penal Code sections 849.5 and 851.6 was to prevent hiring discrimination against persons who had been arrested, but not charged with any crimes. (*Behan* v. *Alexis, supra,* 116 Cal.App.3d at pp. 406-407.) The purpose of the informed consent law, by contrast, was to " 'obtain the best evidence of intoxication at the time of arrest and to provide a fair and accurate system of detection and protection of the public and to inhibit drunk driving. [Citation.]' [Citation.]" (*Id.* at p. 407.) The court rejected as nonsensical the notion the Legislature intended the penal provisions would exculpate a person from responsibility under the administrative license suspension provisions of the Vehicle Code. "As rational as a disappearing lawful arrest may be in the labor field, it is equally irrational to have it disappear under the cited Vehicle Code section. If so interpreted, those stopped for driving under the influence of liquor will have increased incentive to refuse blood-alcohol tests which are so essential to society's continuing efforts directed toward the detection and deterrence of drunk drivers. . . ." (*Ibid.*)

To treat a "disappearing lawful arrest" as prohibiting the suspension of driving privileges under the administrative per se scheme would be equally

irrational. The Legislature enacted the administrative per se scheme to create a method for quickly removing drunk drivers from our highways, while providing drivers an administrative review and hearing to guard against the erroneous deprivation of their driving privileges. (Stats. 1989, ch. 1460, § 1(a), (b), pp. 6501-6502.) In so doing, the Legislature specifically provided that administrative suspension, a civil matter, is not dependent upon the prosecution of criminal charges against the driver, except where the driver is criminally prosecuted and acquitted. (§ 13353.2, subd. (e).) Were we, however, to accept appellant's interpretation of the interplay between the administrative per se scheme and the penal provisions, the result would be that *no* license suspension would be valid unless the driver were also brought before a magistrate and criminally charged. (See Pen. Code, § 849, subd. (a).) We do not understand the Legislature to have intended such an absurd result. (See *Behan* v. *Alexis, supra,* 116 Cal.App.3d at p. 406 [court should interpret statutes to accomplish legislative objective while accommodating important statutory and policy considerations].)[4]

Appellant also argues the certificate of release defeats the additional requirement that "the peace officer had reasonable cause to believe the person had been driving a motor vehicle in violation of Section 23152 or 23153 . . . ." (§ 13557, subd. (b)(2), see fn. 2, *ante*.) We disagree. Whether an arresting officer had reasonable grounds for initially arresting a suspected drunken driver is a different question than whether, having done so, the officer may determine there are insufficient grounds for bringing criminal charges against him or her. (See Pen. Code, § 849, subd. (b)(1).)

We hold an arrest, valid when made, remains a valid arrest for purposes of an administrative per se license suspension, even though the driver is subsequently released pursuant to Penal Code section 849, subdivision (b). (See *People* v. *Corsini* (1984) 161 Cal.App.3d 514, 517 [207 Cal.Rptr. 686].)

II. *The Trial Court Did Not Abuse Its Discretion in Denying Appellant's Motion to Admit New Evidence*

The administrative hearing in this case was held January 31, 1992, a month after appellant's arrest. The hearing on the writ petition was originally

---

[4]While Penal Code section 849, subdivision (b) was enacted prior to Penal Code sections 849.5 and 851.6, at least since the enactment of the latter provisions it has formed a fundamental part of a statutory scheme aimed at minimizing the likelihood of employment discrimination based on uncharged arrests. (See *Arrest*, 43 Ops.Cal.Atty.Gen. 288 (1964).) Although other reasons for its original enactment have been suggested (e.g., providing police officers a means of escaping liability for false arrest [5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 400, p. 481]), appellant offers no support for the highly dubious proposition that the Legislature ever intended Penal Code section 849 to have the peculiar effect she now proposes.

set for April 8, 1992, but was continued until April 29 for reasons not evident from the record. Three court days before the hearing, appellant filed a motion to present new evidence she contended showed the Alameda County Crime Lab, in contravention of state regulations, was not licensed by the State Department of Health Services to use the particular breathalizer model used to test her blood-alcohol content. In a declaration, appellant's counsel stated he first thought of investigating the licensing issue on April 3, 1992, after reading a newspaper account of a licensing problem with a similar piece of equipment in Solano County, and that it took 11 days to locate and obtain copies of pertinent documents from State Department of Health Services' files. ■ The trial court denied appellant leave to present the documents, in part on the ground the evidence was not, in fact, "newly discovered" and could have been presented at the administrative hearing.

The hearing on the petition was governed by section 13559, which specifically provides: "The review shall be on the record of the [administrative] hearing and the court shall not consider other evidence." (§ 13559, subd. (a); see *Coombs* v. *Pierce* (1991) 1 Cal.App.4th 568, 578 [2 Cal.Rptr.2d 249].) For this reason alone, appellant's new evidence was properly excluded.

Even, however, were the trial court's review of the administrative per se suspension controlled by the more general provisions of the Code of Civil Procedure governing writs of mandate, we would find no error in its ruling. Code of Civil Procedure section 1094.5, subdivision (e), which the trial court treated as applicable in this case, provides in pertinent part: "Where the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced . . . at the hearing before respondent . . . in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit the evidence at the hearing on the writ . . . ."

Augmentation of the administrative record is permitted only within the strict limits set forth in the statute. (*Toyota of Visalia, Inc.* v. *New Motor Vehicle Bd.* (1987) 188 Cal.App.3d 872, 881 [233 Cal.Rptr. 708]; *Windigo Mills* v. *Unemployment Ins. Appeals Bd.* (1979) 92 Cal.App.3d 586, 595 [155 Cal.Rptr. 63].) Before the court may properly consider evidence that was not presented at the administrative hearing, the petitioner must show the evidence could not have been produced below had reasonable diligence been exercised. (Code Civ. Proc., § 1094.5, subd. (e).) Determination of the question is within the discretion of the trial court; we will not disturb the exercise of that discretion unless it is manifestly abused. (*Hand* v. *Board of Examiners* (1977) 66 Cal.App.3d 605, 615 [136 Cal.Rptr. 187].)

Here, appellant made no showing the critical evidence she first proffered in the trial court, a January 16, 1992, letter from the State Department of Health Services to the Alameda County Crime Laboratory, was not available prior to the administrative hearing. Given that appellant's attorney did not even think to investigate the licensing issue until more than two months after the administrative hearing, that it took eleven days to obtain the documents once he commenced his investigation avails him little. As the trial court noted, if counsel had needed more time to obtain evidence prior to the administrative hearing, he could have requested a continuance. We find no abuse of discretion.

In light of this conclusion, we need not address the trial court's further finding that appellant's proffered evidence failed to establish the crime lab was without a license during the time in question.

DISPOSITION

The judgment is affirmed.

White, P. J., and Merrill, J., concurred.