Filed 5/11/16  Georgiev v. Calif. Unemployment Ins. Appeals Bd. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RUMEN GEORGIEV<br><br>       Plaintiff and Appellant,<br><br>    v.<br><br>CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD,<br><br>       Defendant and Respondent. | B260922<br><br>(Los Angeles County<br>Super. Ct. No. BS145046) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Luis A. Lavin, Judge.  Affirmed.

Rumen Georgiev, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Julie-Weng-Gutierrez, Assistant Attorney General, Richard T. Waldow and Catherine Bidart, Deputy Attorneys General for Defendant and Respondent.

Appellant Rumen Georgiev (petitioner) appeals the denial of his petition for writ of administrative mandamus challenging the decision of respondent California Unemployment Insurance Appeals Board (CUAIB) that petitioner was an independent contractor, not an employee, and therefore ineligible for unemployment compensation benefits. Petitioner contends the trial court erred by (1) refusing to admit into evidence 16 documents petitioner claimed were missing from the administrative record and by subsequently denying his request to continue the hearing on the writ petition to allow augmentation of the allegedly defective administrative record; (2) denying the petition on the ground that petitioner's briefs failed to comply with applicable rules of court; and (3) ignoring petitioner's evidence showing that the CUIAB abused its discretion in a prejudicial manner and failed to proceed as required by law.

As we discuss, petitioner fails to establish any error by the trial court. We therefore affirm the judgment.

## BACKGROUND

### Petitioner's claim for unemployment benefits

Petitioner worked for Victor Taylor (Taylor)[1] from 2004 to 2012, performing services as a general handyman for a property managed by Taylor. Petitioner filed a claim for unemployment compensation benefits effective February 26, 2012, and the claim was approved by the California Employment Development Department (EDD) over Taylor's objection.

### Administrative proceedings

Taylor filed two separate appeals of the EDD's determination in Office of Appeals case Nos. 4544952 and 4544953, on the grounds that petitioner was an independent contractor rather than an employee, and that petitioner had voluntarily left his employment and submitted false documents in support of his application.

---

[1] Taylor is also known as and is referred to in the administrative record as Vladimir Terziyski.

2

A hearing on the two appeals was set for August 30, 2012, but the administrative law judge (ALJ) continued the hearing at Taylor's request because Taylor had not received the required 10 days notice of the hearing. A rescheduled hearing was held on October 4, 2012. Petitioner did not appear at that hearing, but Taylor was present and gave testimony. Prior to the October 4, 2012 hearing, petitioner sent a letter to the ALJ opposing the continuance, but that letter was not received until after the October 4 hearing had concluded. On November 27, 2012, the ALJ reopened the October 4, 2012 hearing for the sole purpose of admitting petitioner's letter. At the same time, the ALJ, unaware of the EDD's written determination that petitioner was an employee of Taylor, remanded to the EDD the issue of whether or not petitioner was an employee and requested a written determination on that issue.

On December 5, 2012, the EDD informed the ALJ of its prior determination that petitioner was Taylor's employee. The ALJ then set a January 9, 2013 hearing on Taylor's appeal from that determination. The ALJ assigned to that appeal, Office of Appeals case No. 4696052. Case Nos. 4544952 and 4544953 were also assigned new case numbers, Nos. 4696046 and 4696047, respectively.

Taylor and his wife appeared and testified at the January 9, 2013 hearing on case No. 4696052. Petitioner did not appear. On January 18, 2013, the ALJ issued a decision in that case, ruling that petitioner was an independent contractor ineligible for unemployment compensation benefits. On that same date, the ALJ issued decisions in case Nos. 4696046 and 4696047, determining those cases to be moot.

Petitioner appealed the ALJ's January 18, 2013 decisions to the CUIAB. On April 15, 2013, the CUIAB affirmed those decisions in CUIAB case Nos. AO-323104, AO-323102, and AO-3232013. The CUIAB declined to consider additional documentary evidence presented by petitioner because those documents had not been introduced at the underlying hearing before the ALJ and petitioner had been warned that failing to introduce those documents at the hearing would result in their exclusion from future hearings.

3

**Mandamus proceedings**

Petitioner filed a petition for writ of administrative mandate on October 10, 2013, seeking to set aside the CUIAB's decision in case No. AO-323104, affirming the ALJ's ruling that petitioner was an independent contractor and therefore ineligible for unemployment insurance benefits. Petitioner argued that numerous procedural errors denied him a fair hearing, and that the CUIAB failed to proceed according to the law and made findings not supported by the evidence.

Petitioner filed a motion on July 14, 2014, seeking an order compelling the CUIAB "to restore and recover" 16 documents that were allegedly removed from the administrative record and for sanctions against the CUIAB. According to petitioner, the allegedly missing documents showed that the CUIAB proceeded in excess of its jurisdiction, failed to grant a hearing, failed to meet the requirements for a fair trial, and abused its discretion in a prejudicial manner. The trial court denied the motion on the ground that it failed to state the legal basis for the relief sought and did not specify the sanctions petitioner sought to impose. The trial court's order stated that the motion was denied without prejudice to allow petitioner the opportunity to file a new motion to augment the record under Code of Civil Procedure sections 1010 and 1094.5, subdivision (e), or to enter into a stipulation with the CUIAB to augment the record. The trial court included the entirety of subsection (e) of Code of Civil Procedure section 1094.5 in the text of its written order.

On September 24, 2014, petitioner filed a peremptory challenge to disqualify the trial judge, Luis A. Lavin, under Code of Civil Procedure section 170.6. The trial court denied the challenge as untimely.

At the October 14, 2014 hearing on the writ petition, the trial court denied petitioner's oral request to continue the hearing. The trial court noted in its written decision that to the extent petitioner sought a continuance to file a motion to augment the administrative record, the court had invited petitioner to do so on September 2, 2014, when it denied without prejudice petitioner's motion to compel the CUIAB to restore documents allegedly missing from the record, but petitioner had never filed such a

4

motion. The trial court then denied the petition on the grounds that petitioner failed to cite any evidence, statutes, or case authority in support of his position, as required by applicable court rules. The trial court also denied the petition on the merits, concluding that the CUIAB'S findings were supported by the weight of the evidence, and that petitioner failed to establish that he was denied a fair hearing or that the CUIAB did not proceed according to law. Judgment was subsequently entered in the CUIAB's favor, and this appeal followed.

## DISCUSSION

### I. Standard of review

"The function of the superior court in reviewing decisions granting or denying unemployment insurance benefits is to exercise its independent judgment on the evidence and inquire whether the administrative agency's findings are supported by the weight of the evidence. [Citation.]" (*Santa Cruz Transportation, Inc. v. Unemployment Ins. Appeals Bd.* (1991) 235 Cal.App.3d 1363, 1366.) An appellate court's review of the superior court's determination is limited to whether the superior court's findings are supported by substantial evidence. (*Ibid.*)

### II. Alleged evidentiary error

Petitioner contends the trial court erred by denying his request to present new evidence (16 documents that were allegedly missing from the administrative record), and by denying his request to continue the hearing on his writ petition to allow him to file a motion to augment the administrative record.

Code of Civil Procedure section 1094.5, subdivision (e) accords the trial court discretion to admit and consider evidence that could not have been produced at the administrative hearing. The statute provides: "Where the court finds that there is relevant evidence that, in the exercise of reasonable diligence, could not have been produced or that was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (f) remanding the case to be reconsidered in the light of that evidence; or, in cases in which the court is authorized by law to exercise its

independent judgment on the evidence, the court may admit the evidence at the hearing on the writ without remanding the case." (Code Civ. Proc., § 1094.5, subd. (e).)

"Augmentation of the administrative record is permitted only within the strict limits set forth in the statute. [Citations.] Before the court may properly consider evidence that was not presented at the administrative hearing, the petitioner must show the evidence could not have been produced below had reasonable diligence been exercised. [Citation.] Determination of the question is within the discretion of the trial court; we will not disturb the exercise of that discretion unless it is manifestly abused. [Citation.]" (*Armondo v. Department of Motor Vehicles* (1993) 15 Cal.App.4th 1174, 1180.)

The record discloses no abuse of discretion by the trial court. Rather, it shows that after denying without prejudice petitioner's July 14, 2014 motion to compel the CUIAB "to restore/recover documents" from the record of administrative proceedings, the trial court advised petitioner that he could either enter into a stipulation with opposing counsel to augment the administrative record or file a new motion that complied with Code of Civil Procedure sections 1010 and 1094.5, subdivision (e). Recognizing that petitioner was self-represented, the trial court quoted the language of section 1094.5, subdivision (e) in the text of its written order. Petitioner did not enter into a stipulation with the CUIAB nor did he file a motion to augment the administrative record. The trial court did not err by denying petitioner's July 14, 2014 motion or by denying the oral request to continue the writ hearing.

## III. Whether the trial court erred by denying the petition as procedurally and substantively deficient

Petitioner challenges the trial court's determination that he failed to comply with rule 3.1113(b) of the California Rules of Court requiring him to file briefs that contain "a concise statement of the law," with rule 3.231(i)(2) of the Los Angeles County Local Court Rules requiring his opening brief to contain "a statement of fact which fairly and comprehensively sets forth the pertinent facts," and with Local rule 3.231(i)(1) requiring him to state whether he was seeking traditional or administrative mandamus, and the

court's denial of the writ petition on that basis. Our review of the writ petition and petitioner's opening and reply briefs in the mandamus proceedings below confirms the procedural and substantive deficiencies identified by the trial court. Substantial evidence accordingly supports the trial court's determination that petitioner failed to comply with applicable court rules.[2]

The procedural and substantive deficiencies in petitioner's briefs were not the sole basis for the trial court's denial of the writ petition. The trial court's written decision and order explains in detail why the petition was denied on the merits. As we discuss below, substantial evidence supports that decision.

## IV.  Substantial evidence supports the trial court's decision

Substantial evidence supports the trial court's findings that petitioner was not denied a fair hearing in the administrative proceedings below, that the CUIAB did not commit a prejudicial abuse of discretion, and that the weight of the evidence supported the CUIAB's finding that petitioner was an independent contractor, and therefore ineligible for unemployment insurance benefits.

### A.  No denial of a fair hearing

Petitioner cites the following alleged procedural defects as the basis for his claim that he was denied a fair administrative hearing:  the ALJ improperly continued the August 30, 2012 hearing to October 4, 2012, the ALJ improperly opened a new case (No. 4696052) on the issue of whether petitioner was an independent contractor or an employee, and the ALJ ignored a written request for a telephonic hearing on case Nos. 4544952 and 4544953.

As the trial court noted in its order denying the petition for writ of mandate, none of these alleged procedural defects resulted in the denial of a fair hearing. The transcript of the August 30, 2012 hearing shows that Taylor appeared and requested and received a

---

**2**     Petitioner also claims his peremptory challenge to Judge Lavin was "illegally denied," but offers no authority or argument to support that claim. We therefore disregard it. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979.)

continuance because he had not received the required 10 days notice of the hearing. Petitioner has established no error with regard to the granting of the continuance, the assignment of a new case number, or the denial of his request for a telephonic appearance at the hearing. The record shows that petitioner was provided notice of every hearing relating to his claim for unemployment insurance benefits, including the January 9, 2013 hearing at which the ALJ determined petitioner was an independent contractor rather than an employee. Petitioner had the opportunity to present evidence and argue his position at each of these hearings. His decision not to do so did not result in the denial of a fair hearing. (See *Lacy v. California Unemployment Ins. Appeals Bd.* (1971) 17 Cal.App.3d 1128, 1137 ["A party desiring to present evidence in opposition to an applicant's appeal should be prepared to produce it on the scheduled hearing date"].)

### B. *No prejudicial abuse of discretion*

Petitioner's claim that the CUIAB failed to proceed according to law by opening multiple case files for multiple appeals, refusing to review documents that were not submitted to the ALJ in the underlying hearing, and denying his request to appear by phone at the appeal is unsupported by citation to any authority that such actions were improper. He has accordingly established no error in the trial court's determination that there was no prejudicial abuse of discretion by the CUIAB.

### C. *Petitioner's status as an independent contractor*

Employees, but not independent contractors, are eligible to receive unemployment compensation benefits. (Unemp. Ins. Code., § 656.) For unemployment compensation purposes, the term "employee" includes "[a]ny individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." (Unemp. Ins. Code, § 621, subd. (b).)

The most significant test of whether an employment relationship exists is "whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired. [Citation.]" (*Tieberg v. Unemployment Ins. Appeals Bd.* (1970) 2 Cal.3d 943, 946.) "If control may be exercised only as to the result of the work and not the means by which it is accomplished, an independent contractor

relationship is established. [Citation.]" (*Id.* at pp. 946-947.) Other relevant factors to be considered are "'(a) whether or not the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee. [Citation.]'" (*Id.* at p. 949.)

In the instant case, the ALJ found that petitioner was an independent contractor, and the trial court determined that the weight of the evidence supported that finding. There is substantial evidence in the record to support the trial court's determination. The record shows that petitioner performed plumbing work and other repairs at an apartment building managed by Taylor, and that Taylor did not control or supervise petitioner's work. Petitioner possessed particular skills sufficient to obtain a handyman license issued by the City of Los Angeles, used his own tools to perform his work, and set his own work schedule. He submitted invoices for payment and was paid as an independent contractor without withholding for taxes. Petitioner was allowed to and encouraged to work for others.

Substantial evidence supports the denial of the writ petition.

**DISPOSITION**

The judgment is affirmed. The CUIAB shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.
HOFFSTADT