[No. D018039. Fourth Dist., Div. One. Feb. 15, 1994.]

TRAVIS EDWIN JACKSON, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

COUNSEL

Gordon M. Jackson, Jr., for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Henry G. Ullerich, Assistant Attorney General, Martin H. Milas and Anne Hunter, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**KREMER, P. J.**—Plaintiff Travis Edwin Jackson appeals a judgment denying his petition for administrative mandate against the Department of Motor Vehicles (DMV). Jackson attacks the judgment as without substantial evidentiary support. We affirm.

I

### INTRODUCTION

The DMV suspended Jackson's driver's license for driving under the influence of alcohol. Jackson lost at an administrative hearing. He also unsuccessfully sought mandate in the superior court. Jackson now appeals, contending the DMV did not present substantial evidence he (1) was driving or in control of the vehicle or (2) had .08 percent or more by weight of alcohol in his blood. We affirm the judgment denying mandate.

II

### FACTS

At 12:57 a.m. on February 28, 1992, California Highway Patrol Officer Reyes received a radio call about a traffic accident. At 1 a.m. Reyes arrived at the accident scene. Jackson's vehicle had been hit from the rear while stopped for a traffic light. The other driver fled. After apprehending the other driver at 1:18 a.m., Reyes noticed Jackson's symptoms of intoxication including bloodshot watery eyes, slurred speech, odor of alcohol and unsteady gait. Responding to questioning, Jackson told Reyes he drank one beer about 11 p.m., started driving from "Girls Nite Out" on Convoy Street, and was driving his passenger home. At the accident scene Reyes conducted a preliminary alcohol screening test on Jackson with a result of .09 percent. Reyes also conducted sobriety tests on Jackson. Jackson's performance on the tests was less than satisfactory.

At 1:45 a.m. Reyes arrested Jackson for violating Vehicle Code[1] section 23152.

At 2:37 a.m. Reyes administered a breath test to Jackson. The test results showed .08 percent by weight of alcohol in Jackson's blood. Reyes signed under penalty of perjury a statement he obtained the breath test samples in the regular course of his duties, he was qualified to operate the equipment, and to the best of his knowledge the machine was working properly with proper calibration at the time of Jackson's breath test.

Reyes took possession of Jackson's driver's license and served him with an administrative per se order of suspension. (§§ 13353.2, 23158.5.)

III

PROCEDURAL BACKGROUND

On April 2, 1992, at Jackson's request, the DMV held an administrative hearing. (§ 13558, subd. (c)(2).) At the hearing the DMV introduced into evidence a printout of Jackson's driving record; Reyes's sworn statement (§§ 13353, 23158.2);[2] the crime laboratory's license, related documents, and report of breath test results; the administrative per se suspension order; the notice to appear; and Reyes's arrest/investigation report (arrest report) dated March 1, 1992. Only Jackson testified at the hearing. On advice of counsel, Jackson declined to answer any questions about whether he was driving when he had .08 percent or more by weight of alcohol in his blood. The hearing officer concluded Reyes had reasonable cause to believe Jackson was driving a vehicle in violation of section 23152 or 23153. The hearing officer also concluded Jackson was lawfully arrested and was driving a vehicle while he had .08 percent or more by weight of alcohol in his blood.

On May 28, 1992, after administrative review was denied, Jackson petitioned the superior court for administrative mandate.

On September 1, 1992, the superior court denied Jackson's petition.

---

[1] All statutory references are to the Vehicle Code unless otherwise specified.

[2] Section 23158.2, subdivision (a), provides in relevant part: "If a peace officer arrests any person for a violation of Section 23152 or 23153, the peace officer shall immediately forward to the department a sworn report of all information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person violated Section 23152 or 23153, a report of the results of any chemical tests which were conducted on the person . . . , a copy of any notice to appear under which the person was released from custody, and, if immediately available, a copy of the complaint filed with the court." Section 23158.2, subdivision (b), provides the officer's sworn report is to be made on forms furnished or approved by the DMV.

On October 9, 1992, the court entered judgment denying Jackson's petition for mandate.

Jackson appeals.

## IV

### DISCUSSION

Jackson contends there was no evidence he was driving the vehicle, apart from hearsay in Reyes's sworn statement and the unsworn arrest report. Jackson also contends there was no evidence whatsoever to establish his blood-alcohol level at the time of driving.

Section 13353.2, subdivision (a), provides: "The department shall immediately suspend the privilege of any person to operate a motor vehicle if the person was driving a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood."

Section 13558, subdivision (c)(2), in effect at relevant times in 1992, provided in relevant part: "The only issues at the hearing on an order of suspension pursuant to Section 13353.2 shall be whether the peace officer had reasonable cause to believe the person had been driving a motor vehicle in violation of Section 23152 or 23153, the person was placed under arrest, and the person was driving or in actual physical control of a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood."

"The trial court's task in this case was to determine, using its independent judgment, whether the weight of the evidence supported the administrative decision. [Citation.]" (*Bell* v. *Department of Motor Vehicles* (1992) 11 Cal.App.4th 304, 309 [13 Cal.Rptr.2d 830].) Our task on appeal is to determine whether the evidence demonstrates substantial support—contradicted or uncontradicted—for the superior court's conclusion the weight of the evidence supported the DMV's suspension order. (*Ibid.*) "In making this determination, we must draw all legitimate and reasonable inferences in favor of the trial court's decision. [Citations.]" (*Ibid.*)[3]

We conclude substantial evidence and reasonable inferences supported the finding Jackson was driving the vehicle when his blood-alcohol level was .08 percent or more by weight.

---

[3]Government Code section 11513, subdivision (c), provides in administrative hearings: "Hearsay evidence may be used for the purpose of supplementing or explaining other evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions."

"When the DMV initiates an action to suspend or revoke a driver's license the burden of proving the facts necessary to support the action is on the DMV. In a formal DMV hearing,

A

EVIDENCE OF DRIVING

 Reyes's sworn report under sections 13353 and 23158.2 indicated he did not observe Jackson driving. Reyes's unsworn arrest report indicated Jackson stated he was driving his passenger home from "Girls Nite Out" on Convoy Street. As noted, hearsay within Reyes's reports—including the truth of statements made personally to Reyes—would not by itself suffice to support a finding under former section 13558, subdivision (c)(2), unless it would be admissible over objection in a civil action. (Gov. Code, § 11513, subd. (c); *Carlton* v. *Department of Motor Vehicles, supra,* 203 Cal.App.3d at p. 1432.) Citing that authority, Jackson contends the sole evidence he was driving or in actual physical control of the vehicle was hearsay and hence insufficient to support an affirmative finding of that element of former section 13558, subdivision (c)(2). However, as we explain, Jackson's statement to Reyes—contained in the arrest report—that Jackson was driving the vehicle constituted competent evidence under hearsay exceptions for public employee records and admissions by a party and thus would be admissible over objection in a civil action. (Evid. Code, §§ 1280, 1220.)[4] Hence, evidence of Jackson's statement to Reyes was sufficient to support the finding Jackson was driving.

1

The DMV had the evidentiary burden to justify its order suspending Jackson's license. (*Burge* v. *Department of Motor Vehicles* (1992) 5 Cal.App.4th 384, 388 [7 Cal.Rptr.2d 5].) The "hearsay statement of a public employee, such as the statement of a police officer . . . is admissible at the hearing, and is sufficient in and of itself to support a finding, if it meets the criteria of a public employee business record (Evid. Code, § 1280). [Citation.] This principle arises from the provisions of Government Code section

---

hearsay evidence may be admitted but it is not sufficient in itself to support a finding unless it would be admissible over objection in a civil action. [Citations.]" (*Carlton* v. *Department of Motor Vehicles* (1988) 203 Cal.App.3d 1428, 1432 [250 Cal.Rptr. 809].)

[4]Evidence Code section 1280 provides:

"Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if:

"(a) The writing was made by and within the scope of duty of a public employee;

"(b) The writing was made at or near the time of the act, condition, or event; and

"(c) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

Evidence Code section 1220 provides: "Evidence of a statement is not made inadmissible by the hearsay rule when offered against the declarant in an action to which he is a party . . . ."

11513 providing that hearsay evidence may provide the sole supporting evidence for a finding, if such evidence would be admissible over objection in a civil action." (*Ibid.*) "Public employee business records, however, are admissible in civil actions only to the extent that they report the employee's firsthand knowledge. These statements, therefore, may form the sole basis for suspension of a driver's license only if made from firsthand observation. [Citation.]" (*Id.* at pp. 388-389.) In sum, an "officer's statement reporting firsthand observations . . . falls within the public employee records exception to the hearsay rule. [Citations.]" (*Santos* v. *Department of Motor Vehicles* (1992) 5 Cal.App.4th 537, 546 [7 Cal.Rptr.2d 10]; Evid. Code, § 1280.)

■ Police officers' sworn statements (§§ 13353, 23158.2) are admissible under Evidence Code section 1280 as public employee records to the extent they report the officers' firsthand observations. (E.g., *Santos* v. *Department of Motor Vehicles, supra,* 5 Cal.App.4th at pp. 546-547; *Imachi* v. *Department of Motor Vehicles* (1992) 2 Cal.App.4th 809, 817 [3 Cal.Rptr.2d 478]; *Snelgrove* v. *Department of Motor Vehicles* (1987) 194 Cal.App.3d 1364, 1375 [240 Cal.Rptr. 281]; *Fisk* v. *Department of Motor Vehicles* (1981) 127 Cal.App.3d 72, 76-79 [179 Cal.Rptr. 379, 31 A.L.R.4th 905].) We have not been alerted to any authority precluding as a matter of law any use of an officer's unsworn arrest report under a similar standard. To the contrary, case law indicates such reports may be admissible under proper circumstances. (*Taylor* v. *Centennial Bowl, Inc.* (1966) 65 Cal.2d 114, 126 [52 Cal.Rptr. 561, 416 P.2d 793]; *Rousseau* v. *West Coast House Movers* (1967) 256 Cal.App.2d 878, 887 [64 Cal.Rptr. 655].)

In *Taylor* v. *Centennial Bowl, Inc., supra,* 65 Cal.2d 114, the Supreme Court stated: "The hearsay objection was not valid if the police reports were admissible under the Uniform Business Records as Evidence Act. [Citations.] In a proper case the business records exemption to the hearsay rule is applicable to public documents, such as police reports. [Citations.] The problem arises, however, because business records are not admissible under this exception when they are 'not based upon the report of an informant having the business duty to observe and report.' [Citations.] The admissibility of the instant report, therefore, depends first upon whether its contents are based on Officer Black's own observations, or the observations of other police officers or public officials whose job it is to know the facts recorded; if so, but only if so, is it then admissible under the business records exception. [Citations.]" (*Id.* at p. 126.)

Similarly, in upholding the admissibility of police records of plaintiff's arrests the appellate court in *Rousseau* v. *West Coast House Movers, supra,* 256 Cal.App.2d 878, stated: "These reports reflected the direct observations

of the arresting officers and hence were admissible as business records under the Uniform Business Records as Evidence Act, which makes admissible the observations of an informant, having the business duty to observe and report, which are made in the regular course of business at or near the time of the event, from sources of information which are considered trustworthy. [Citations.]" *(Id.* at p. 887.)

2

As noted, Jackson's statement to Reyes—contained in the arrest report—that Jackson was driving would be admissible over a hearsay objection in a civil action under hearsay exceptions for public employee records and admissions by a party. Manifestly, such highly probative evidence would be sufficient in itself to support a finding Jackson was driving. (Gov. Code, § 11513, subd. (c).) However, Jackson contends the arrest report was incompetent, inadmissible in a civil action, and hence insufficient to support such finding because the arrest report was not sworn, not authenticated, not on a DMV form and not supported by testimony by Reyes. Thus, Jackson essentially challenges the adequacy of the foundation for admitting the arrest report under the hearsay exception for public employee records. On this record we reject Jackson's contention.

First, as a procedural matter, at the administrative hearing Jackson did not raise a foundational objection to the admissibility of the arrest report. (Cf. *Snelgrove* v. *Department of Motor Vehicles, supra,* 194 Cal.App.3d at p. 1374.) Indeed, to the contrary, at the hearing Jackson's counsel stated he had no objection to the hearing officer considering the arrest report. Undaunted, Jackson contends he did not object at the hearing because under Government Code section 11513, subdivision (c), all hearsay is admissible in administrative proceedings. However, Jackson confuses a hearsay objection with a foundational objection. The likely futility of a hearsay objection did not relieve Jackson from making a timely foundational objection. If Jackson had made a foundational objection, the DMV could have subpoenaed Reyes to testify. Hence, as noted by the DMV, Jackson has waived any foundational objection to the arrest report.

Further, absent any contrary foundational showing, on this record the arrest report could properly be admitted into evidence.[5] Reyes prepared the arrest report on a California Highway Patrol form in the scope of his duty

---

[5]Unlike Evidence Code section 1271's similar business records exception, Evidence Code section 1280 "does not require testimony as to identity and mode of preparation in every case. A foundation can be established through judicial notice or sufficient independent evidence. [Citations.]" (*Snelgrove* v. *Department of Motor Vehicles, supra,* 194 Cal.App.3d at p. 1374;

as a public employee. (Evid. Code, § 1280, subd. (a).) The report indicated it was made near the time of the event. (Evid. Code, § 1280, subd. (b).) The source of the information—firsthand observations by Officer Reyes—indicated trustworthiness. (Evid. Code, § 1280, subd. (c); *Snelgrove* v. *Department of Motor Vehicles, supra,* 194 Cal.App.3d at p. 1375, *Fisk* v. *Department of Motor Vehicles, supra,* 127 Cal.App.3d at p. 77; cf. *Rousseau* v. *West Coast House Movers, supra,* 256 Cal.App.2d at p. 887.)[6] Moreover, ". . . the statutory presumption of duty regularly performed (Evid. Code, § 664) shifts the foundational, method-of-preparation burden in this situation. The licensee therefore must show that the officer *failed in his duty* to observe and correctly report the events described. [Citation.]" (*Snelgrove* v. *Department of Motor Vehicles, supra,* at p. 1375, italics in original; *Fisk* v. *Department of Motor Vehicles, supra,* at pp. 77-78; accord, *Santos* v. *Department of Motor Vehicles, supra,* 5 Cal.App.4th at p. 547.)[7] Thus, if Jackson opposed admission of the arrest report into evidence, he had the burden to show that Reyes failed in his duty to observe and report correctly the event described. Jackson made no such showing. Indeed, Jackson "did not even attempt to controvert the presumptive accuracy of this official report." (*Fisk* v. *Department of Motor Vehicles, supra,* at p. 78.)

---

accord, *Davenport* v. *Department of Motor Vehicles* (1992) 6 Cal.App.4th 133, 139 [7 Cal.Rptr.2d 818].)

The Law Revision Commission's comment to Evidence Code section 1280 notes: "The evidence that is admissible under this section is also admissible under Section 1271, the business records exception. However, Section 1271 requires a witness to testify as to the identity of the record and its mode of preparation in every instance. In contrast, Section 1280, as does existing law, permits the court to admit an official record or report without necessarily requiring a witness to testify as to its identity and mode of preparation if the court takes judicial notice or if sufficient independent evidence shows that the record or report was prepared in such a manner as to assure its trustworthiness. [Citations.]" (See Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (1966 ed.) § 1280, p. 316.)

[6]"The trustworthiness requirement for this exception to the hearsay rule is established by a showing that the written report is based upon the observations of public employees who have a *duty* to observe the facts and report and record them correctly." (*People* v. *Baeske* (1976) 58 Cal.App.3d 775, 780 [130 Cal.Rptr. 35], italics in original; accord, *Fisk* v. *Department of Motor Vehicles, supra,* 127 Cal.App.3d at p. 77.)

[7]"Commentators have recognized the interrelationship between the official records hearsay exception and the presumption of proper performance of official duty. Thus, Wigmore points out that the essential 'circumstantial probability of trustworthiness' justifying the common law exception to the hearsay rule for official statements 'is related in its thought to the presumption that public officers do their duty. When it is a part of the *duty of a public officer* to make a statement as to a fact coming within his official cognizance, the great probability is that he does his duty and makes a correct statement. . . . The fundamental circumstance is that an official duty exists to make an accurate statement, and that this special and weighty duty will usually suffice as a motive to incite the officer to its fulfillment. . . .' " (*Fisk* v. *Department of Motor Vehicles, supra,* 127 Cal.App.3d at pp. 78-79, italics in original.) Further, in light of "the volume of official police work, the officer's official written statement will usually be more reliable than his present memory. [Citation.]" (*Id.* at p. 79.)

In sum, Jackson's statement to Reyes—contained in Reyes's arrest report—that Jackson was driving was admissible competent evidence under the hearsay exceptions for public employee records and admissions of a party. (Evid. Code, §§ 1280, 1220.) Such evidence constituted substantial support for the finding Jackson was driving or in actual physical control of the vehicle. (Former § 13558, subd. (c)(2); *Bell* v. *Department of Motor Vehicles, supra,* 11 Cal.App.4th at p. 309.)[8]

B

### EVIDENCE OF BLOOD-ALCOHOL LEVEL

■ Jackson contends even if the evidence showed he was driving or in actual physical control of the vehicle, we should conclude the evidence was insufficient to establish while driving he had .08 percent or more, by weight, of alcohol in his blood. (Former § 13558, subd. (c)(2).) According to Jackson, there was no evidence whatsoever of his blood-alcohol level at the time of driving. Specifically, Jackson asserts there was no competent evidence of the time he was driving. However, we conclude substantial evidence and reasonable inferences supported the finding while driving Jackson had a blood-alcohol level of at least .08 percent.

Section 23152, subdivision (b), provided in relevant part: "In any prosecution under this subdivision, it is a rebuttable presumption that the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving." Although there was no direct evidence of the time of driving, reasonable inferences supported a finding the chemical test indicating a blood-alcohol level of .08 percent was performed within three hours of Jackson's driving and thus invoked the statutory presumption.[9] "The hearing officer was not constrained to consider only direct evidence but could draw inferences and deductions of fact from the facts before him. (Evid. Code, § 600, subd. (b).)" (*McKinney* v. *Department of Motor Vehicles* (1992) 5 Cal.App.4th 519, 524 [7 Cal.Rptr.2d 18]; also *Bell* v. *Department of Motor Vehicles, supra,* 11 Cal.App.4th at p. 309.)

---

[8]The fact Reyes did not testify at the administrative hearing does not compel a different result. (*Davenport* v. *Department of Motor Vehicles, supra,* 6 Cal.App.4th at pp. 139-140; *Snelgrove* v. *Department of Motor Vehicles, supra,* 194 Cal.App.3d at p. 1376.) "When the arresting officer fails to appear, the licensee who wants a chance to confront and cross-examine the officer has every right to obtain a postponement and subpena the witness, at his or her own expense. Due process concerns are thus satisfied." (*Ibid.*)

[9]Contrary to Jackson's contention, the rebuttable presumption of section 23152, subdivision (b), was applicable in administrative hearings. (*Bell* v. *Department of Motor Vehicles, supra,* 11 Cal.App.4th at pp. 310-314; *Burge* v. *Department of Motor Vehicles, supra,* 5 Cal.App.4th 384, 391.)

Reyes's report of Jackson's arrest showed Reyes received the radio call to respond to the traffic accident at 12:57 a.m. Reyes's sworn statement showed Reyes contacted Jackson at 1 a.m., arrested him at 1:45 a.m., and administered the breath test to him at 2:37 a.m. with results of .08 percent.[10] Thus, the breath test was performed less than two hours after the radio call about the traffic accident. Absent any reason to conclude the radio call to respond to the accident was made more than an hour after the accident with Jackson driving occurred, the hearing officer could reasonably infer the breath test was performed within three hours of the time of driving. (Cf. *Bell* v. *Department of Motor Vehicles, supra,* 11 Cal.App.4th at pp. 314-315; *McKinney* v. *Department of Motor Vehicles, supra,* 5 Cal.App.4th at p. 524.) Such evidence of Jackson's .08 percent blood-alcohol content from a chemical test within three hours of his driving established the rebuttable presumption Jackson's blood-alcohol content was .08 percent or more at the time of driving. Jackson presented no evidence rebutting the presumption.

We also note circumstantial evidence other than chemical test results may properly be admitted to establish a driver had the proscribed level of blood-alcohol at the time of the offense. (*Burg* v. *Municipal Court* (1983) 35 Cal.3d 257, 266, fn. 10 [198 Cal.Rptr. 145, 673 P.2d 732]; *McKinney* v. *Department of Motor Vehicles, supra,* 5 Cal.App.4th at p. 526, fn. 6; *Imachi* v. *Department of Motor Vehicles, supra,* 2 Cal.App.4th at p. 817, fn. 7.) At the accident scene Reyes personally observed Jackson's symptoms of intoxication. Reyes's sworn statement indicated after apprehending the other driver at 1:18 a.m., Reyes turned his attention to Jackson and noted symptoms of intoxication including bloodshot watery eyes, odor of alcoholic beverage, unsteady gait and slurred speech.[11] Reyes's report of Jackson's arrest also noted Jackson's speech was slightly slurred and his eyes red and watery. The arrest report further related that in performing field sobriety tests administered by Reyes, Jackson manifested a circular sway about four inches from the center, lost his balance immediately when raising his right foot in an attempt to stand on one foot, and after writing the alphabet had to be reminded to write the date and his signature. Thus, in addition to the blood test results, Reyes's personal observations also indicated Jackson had the proscribed level of blood alcohol at the time of driving.

In sum, the evidence and reasonable inferences demonstrated substantial support for the finding Jackson was driving with .08 percent or more, by weight, of alcohol in his blood. (Former § 13558, subd. (c)(2); *Bell* v. *Department of Motor Vehicles, supra,* 11 Cal.App.4th at p. 309.)

---

[10] The laboratory report corroborated Reyes's report of the breath test results.

[11] Reyes's sworn statement and the arrest report also indicated the preliminary alcohol screening results were .09 percent.

The DMV properly suspended Jackson's driver's license. The superior court correctly denied Jackson's petition for mandate.

## DISPOSITION

The judgment is affirmed.

Work, J., and Nares, J., concurred.

A petition for a rehearing was denied March 4, 1994.