[No. F032061. Fifth Dist. Sept. 24, 1999.]

TERRY LAMAR VINSON, Plaintiff and Respondent, v.
ED SNYDER, as Acting Director, etc., Defendant and Appellant.

184

COUNSEL

Bill Lockyer, Attorney General, Martin H. Milas, Assistant Attorney General, Silvia M. Diaz and Chris A. Knudsen, Deputy Attorneys General, for Defendant and Appellant.

Larry L. Fields for Plaintiff and Respondent.

OPINION

BUCKLEY, J.—The Department of Motor Vehicles (hereafter DMV), through its acting director, appeals from the grant of respondent Terry Lamar Vinson's petition for writ of mandamus setting aside the order of the DMV suspending respondent's driving privileges for one year for driving a motor vehicle when he had more than .08 percent by weight of alcohol in his blood. In its place, the court imposed a four-month suspension. The central issue presented on appeal is whether a hearing officer at an administrative per se hearing may rely on his or her own expertise in reading and analyzing a departmental record without first affirmatively establishing him or herself on the record as an expert in the interpretation of such documents. As will be explained below, we have determined that a hearing officer is entitled to rely on his or her experience, technical competence, and specialized knowledge in evaluating evidence proffered by the parties and to make reasonable deductions based on this evidence. (Gov. Code, § 11425.50, subd. (c);[1] *Jackson* v. *Department of Motor Vehicles* (1994) 22 Cal.App.4th 730, 740 [27 Cal.Rptr.2d 712].) Existing law does not require the hearing officer to establish him or herself on the record as an expert. The trial court erred in concluding otherwise.

FACTS

Following an arrest on January 24, 1998, for driving with a blood-alcohol level in excess of .08 percent by weight, defendant was notified by the DMV that his privilege to operate a motor vehicle would be suspended. He requested an administrative hearing, which was held on April 9, 1998. The following evidence was admitted into evidence without objection: (1) the arresting officer's sworn statement; (2) the arrest report; (3) the notice of suspension; (4) the departmental printout of respondent's driving record. Respondent did not present any testimony or evidence at the hearing.

[1] Unless otherwise noted, all statutory references are to the Government Code.

The hearing officer noted that the printout showed that respondent had a prior administrative suspension for an alcohol-related offense in March of 1991 and therefore the state would impose a year suspension of his driving privilege.[2] Respondent argued that the record was insufficient to prove the date on which the prior offense was committed and therefore the state had not definitively established that he had been driving a vehicle while under the influence within seven years of the present offense. The hearing officer rejected this argument orally and in her subsequent written decision. The written decision explains: "Counselor did not object to documents being entered into evidence. Counselor objected to the APS action effective 042191 shown on Driving record printout, Ex. 4, being used as a prior. Counselor argues no proof that the date of arrest and driving with BAC over .08% was within 7 years of this current arrest. Review of Ex. 4 shows that the Driver was arrested 030791 and served the Order of Administrative Suspension by the Officer on 030791 and the action was effective 042197 [sic]."

Accordingly, respondent's driving privileges were ordered suspended for one year.

Respondent sought a departmental review of the hearing officer's decision. The DMV upheld the one-year suspension.

Respondent then petitioned the Kern County Superior Court to reduce the one-year suspension to four months. Again, he argued that the DMV had failed to prove that the prior incident occurred within seven years of the present offense.

Hearing on the petition was held on July 14, 1998. The trial court accepted respondent's argument that the hearing officer could not rely on her own experience and specialized knowledge in reading and assessing the information contained in the printout because no foundation had been laid establishing her expertise in this area. In fact, the court implicitly concluded that outside expert testimony was required, stating that ". . . the hearing officer's role is not to be an expert witness or to be an expert" as to the meaning

[2]Vehicle Code section 13353.3 governs the period of suspension of a person's driving privilege after administrative determination that the person has driven with an excessive blood-alcohol concentration. In relevant part, this section provides that if the person has suffered a prior conviction or if it has been administratively determined that he or she was driving with an excessive blood-alcohol concentration within seven years of the current offense, then the person's driving privilege shall be suspended for one year. However, if the person has not suffered a prior alcohol-related conviction or administrative determination within this period, then his or her driving privilege shall be suspended for four months. (Veh. Code, § 13353.3, subd. (b)(1) & (2).)

of the departmental printouts. The court then found that the printout did not clearly state the date on which the prior offense occurred. No expert testimony had been presented demonstrating that the printout did, in fact, provide sufficient information from which one could deduce that defendant had committed the prior offense within seven years of the instant offense. Therefore, the DMV had not met its burden of proof with respect to the prior offense. Accordingly, it granted the petition and entered judgment in respondent's favor, reducing the suspension to four months.

## DISCUSSION

It is undisputed that the hearing officer based her determination that respondent had suffered a prior alcohol-related arrest and administrative suspension within seven years of the instant offense on the printout. ▮ Despite the various complex and lengthy arguments presented by the parties, resolution of this appeal is a simple matter. Our answer to the following question is determinative: in an administrative hearing concerning suspension of driving privileges following an arrest for driving under the influence of alcohol, may the hearing officer rely on his or her own knowledge and expertise in deriving factual information from a departmental record without first establishing him or herself on the record as an expert in this area? ▮ ▮ ▮ This question presents an issue of law and is therefore subject to independent review by this court. (*Spitze* v. *Zolin* (1996) 48 Cal.App.4th 1920, 1925 [56 Cal.Rptr.2d 573]; *Moomjian* v. *Zolin* (1993) 12 Cal.App.4th 1606, 1612 [16 Cal.Rptr.2d 335].)[3]

As to be expected, the parties have conflicting positions on this issue. Respondent defends the trial court's decision, arguing that "the ability to read, analyze and interpret DMV printouts requires an expert. The record before the trial court was devoid of any foundation establishing the expertise of the hearing officer. . . . [T]he record does not establish whether the hearing officer exercised any expertise in rendering an analysis of the evidence." The DMV argues, inter alia, that section 11425.50, subdivision (c) authorized the hearing officer to rely on his or her experience and specialized knowledge in assessing the evidence presented by the parties. The DMV has the better argument.

▮ Section 11425.50, subdivision (c) provides, in relevant part, that when rendering a decision after an adjudicative proceeding conducted by an

---

[3]With regard to factual questions, "[w]e review the trial court's independent assessment of the administrative record and not the findings of the administrative agency." (*Spitze* v. *Zolin, supra,* 48 Cal.App.4th at p. 1925.) "On appeal, the only question is whether substantial evidence supports the trial court's decision." (*Santos* v. *Department of Motor Vehicles* (1992) 5 Cal.App.4th 537, 545 [7 Cal.Rptr.2d 10].)

agency, "[t]he presiding officer's experience, technical competence, and specialized knowledge may be used in evaluating evidence." The statute does not require the presiding officer to affirmatively set forth his or her experience and expertise on the record, nor does it compel the officer to find that he or she is an expert before he or she may consider the evidence in light of his or her technical competence.

Respondent has proffered no authority holding that hearing officers must properly document their use of prior experience, technical competence and specialized knowledge in the interpretation of an agency's records. His reliance on other subdivisions of section 11425.50 is misplaced.[4] These subdivisions do not require the presiding officer to set forth in the statement of the decision his or her experience and specialized knowledge as part of the written decision. The officer's technical knowledge is not a factual or legal basis of the decision. It is simply a tool which the officer may use in determining what the evidence does and does not prove. The statute does not require the hearing officer to document his or her expertise in reading departmental documents either orally or in writing.

Moreover, administrative per se hearings are intended to be summary proceedings. (*Davenport* v. *Department of Motor Vehicles* (1992) 6 Cal.App.4th 133, 139 [7 Cal.Rptr.2d 818].) Were this court to compel hearing officers to set forth their experience and certify themselves as experts in the reading of departmental documents in all suspension revocation cases where an individual's past driving record is relevant or to compel the DMV to call an outside expert in this area, we would be opening a Pandora's box of problems. Would the hearing officer be subject to voir dire by the driver or his counsel? Could the driver challenge the hearing officer's determination that he or she was an expert in an area? If so, who would rule on this point? Would the ruling be subject to appellate or writ review? Adoption of such a

---

[4]Section 11425.50, which governs written decisions after an adjudicative proceeding by an agency, provides, in relevant part:

"(a) The decision shall be in writing and shall include a statement of the factual and legal basis for the decision.

"(b) The statement of the factual basis for the decision may be in the language of, or by reference to, the pleadings. If the statement is no more than mere repetition or paraphrase of the relevant statute or regulation, the statement shall be accompanied by a concise and explicit statement of the underlying facts of record that support the decision. If the factual basis for the decision includes a determination based substantially on the credibility of a witness, the statement shall identify any specific evidence of the observed demeanor, manner, or attitude of the witness that supports the determination, . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) Nothing in this section limits the information that may be contained in the decision, including a summary of evidence relied on."

requirement would be a time-consuming and add an essentially meaningless hoop through which a hearing officer must jump before he or she can render a decision. In the absence of statutory or judicial authority requiring the hearing officer to document on the record his or her technical competence and expertise in reading departmental records, or any indication that such a requirement would further the legislative intent in enacting the statutes establishing administrative per se proceedings, imposition of such a rule would be foolhardy.

We therefore conclude that the hearing officer was entitled to rely on her own knowledge, technical competence and expertise in assessing the evidence presented by the parties. (§ 11425.50, subd. (c).) The hearing officer was also entitled to draw reasonable inferences and deductions of fact from the evidence presented. (Evid. Code, § 600, subd. (b); *Jackson* v. *Department of Motor Vehicles, supra,* 22 Cal.App.4th at p. 740.) As explained in *Jackson,* " 'The hearing officer was not constrained to consider only direct evidence but could draw inferences and deductions of fact from the facts before him.' " (22 Cal.App.4th at p. 740.) She was not required to document her expertise in reading printouts or to lay a foundation establishing her qualifications as an expert in this area before she could evaluate the evidence before her.

Although respondent argues that "the printout is not clear that [r]espondent was arrested in 1991," he has not shown that such a conclusion could not have been reasonably deduced from the printout. Respondent refuses to acknowledge that a hearing officer may make reasonable deductions from the evidence presented and that error is never presumed. (*Jackson* v. *Department of Motor Vehicles, supra,* 22 Cal.App.4th at p. 740; *People* v. *White Eagle* (1996) 48 Cal.App.4th 1511, 1523 [56 Cal.Rptr.2d 749].) Given applicable statutory and case law, one could reasonably deduce from this record that the prior offense was committed within seven years of the current offense.

*Lake* v. *Reed* (1997) 16 Cal.4th 448 [65 Cal.Rptr.2d 860, 940 P.2d 311] explains the usual procedure when one is found by an officer to have been driving while intoxicated. "Under administrative per se laws, 'when a person is arrested for driving under the influence and is determined to have a prohibited blood-alcohol level, the arresting officer or the DMV serves the person with a "notice of the order of suspension." ' " Upon such service, the

DMV automatically reviews the merits of the suspension, using the preponderance of the evidence standard. (*Id.* at p. 455.)

Pursuant to the mandate of Vehicle Code section 23158.5 as it existed in 1994 (and in relevant part provides currently), "If the chemical test results for a person who has been arrested for a violation of Section 23152 or 23153, show that the person has 0.08 percent or more, by weight, of alcohol in the person's blood . . . , the peace officer, acting on behalf of the department, shall serve a notice of order of suspension or revocation of the person's privilege to operate a motor vehicle *personally on the arrested person.*" (Stats. 1993, ch. 1244, § 18, p. 7215, italics added.) Therefore, it appears from the face of the statute that the service of notice is to be immediately given after arrest, if not simultaneously therewith.

The record contains no evidence indicating that the prior offense was not committed on March 7, 1991. Respondent did not produce any proof that the hearing officer's determination that the arrest date of his prior offense was the same as the service date was incorrect. Absent any evidence or indication to the contrary, a reasonable fact finder could logically and reasonably infer from the printout that the usual practice described in *Lake* v. *Reed, supra,* 16 Cal.4th 448 and mandated by Vehicle Code section 23158.5 had been followed and that the arrest/determination of blood-alcohol level immediately preceded service of the notice of the order of suspension.

*Jackson* v. *Department of Motor Vehicles, supra,* 22 Cal.App.4th 730 is analogous. There, the appellate court found that even though there was no direct evidence of the exact time appellant Jackson was driving, the record supported a reasonable inference that the chemical blood-alcohol test had been administered within three hours of the time appellant was driving. The court upheld the denial of Jackson's petition for writ of mandate. (*Id.* at p. 740.)

A trial court is to reverse an administrative order only if the hearing officer's factual determinations are not supported by "the weight of the evidence." (*Santos* v. *Department of Motor Vehicles, supra,* 5 Cal.App.4th at p. 545.) The superior court's ruling is without support of the law or the evidence. The petition should have been denied. (*Jackson* v. *Department of Motor Vehicles, supra,* 22 Cal.App.4th at p. 742.)[5]

---

[5]This conclusion obviates the necessity of addressing department's remaining issues.

## DISPOSITION

The judgment is reversed. The case is remanded to the trial court with directions to enter an order denying respondent's petition for writ of mandate and reinstating the suspension order. Costs are awarded to the DMV.

Thaxter, Acting P. J., and Wiseman, J., concurred.