Filed 12/26/13  In re G.G. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re G.G., a Person Coming Under the Juvenile Court Law. | B246586 |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>G.G.,<br><br>     Defendant and Appellant. | (Los Angeles County Super. Ct. No. KJ36545) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Phyllis Shibata, Juvenile Court Referee.  Affirmed.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The juvenile court found G.G., a minor, to be a habitual truant and placed her home on probation. She contends the evidence of her truancy was inadmissible for lack of foundation and its admission violated her Sixth Amendment right to confront the witnesses against her. We affirm the judgment.

**FACTS AND PROCEEDINGS BELOW**

Welfare and Institutions Code section 601, subdivision (b) provides that if a minor has four or more truancies within one school year, as defined in Education Code section 48260, subdivision (a) or if "a school attendance review board . . . determines that the available public and private services are insufficient or inappropriate to correct the habitual truancy of the minor, . . . or if the minor fails to respond to directives of a school attendance review board . . . the minor is then within the jurisdiction of the juvenile court which may adjudge the minor to be a ward of the court."

In July 2011, the Los Angeles County District Attorney filed a petition alleging that G.G. came within the provisions of Welfare and Institutions Code section 601 as a habitual truant. The petition alleged that G.G. "was absent or tardy from school without valid excuse" on eight days in the month of October 2009. It also alleged that G.G. and her parents were referred to the School Attendance Board in January 2010 and to the district attorney's mediation program in May 2010.

An adjudication hearing was held in November 2012.

The People's principal witness was Jennifer Kottke who, in 2009-2010, oversaw student attendance within the Rowland Unified School District (RUSD). Kottke testified that in the 2009-2010 school year G.G. was an 8th grade student within the RUSD. According to Kottke, RUSD maintained records of student attendance on a computer database called AERIES. The attendance information in the system is entered by the secretarial or attendance staff at the various schools.

Kottke identified Exhibits 2 and 3 as attendance records showing that G.G. had unexcused absences on October 9, 12, 13, 14, 15, 16, 23, 24, 26 and 27, 2009. She testified that the records' contents were generated by employees of RUSD in the regular

2

course of business and the information they contain was entered at or near the time the events occurred.

The court admitted the exhibits over G.G.'s objection of lack of foundation. G.G. called no witnesses.

The petition was sustained and G.G. was placed home on probation. She filed a timely appeal.

## DISCUSSION

### I. G.G. FORFEITED HER CONFRONTATION CLAUSE ARGUMENT.

The People maintain that G.G.'s objection to admission of the attendance records based on lack of "foundation" does not allow her to argue on appeal that admitting the evidence violated her Sixth Amendment right to confront the witness against her. We agree. (Evid. Code, § 353, subd. (a); *People v. Alvarez* (1996) 14 Cal.4th 155, 186 ["[t]here was neither a 'specific' nor 'timely' objection below predicated on the Sixth Amendment's confrontation clause"].)

Furthermore, even if G.G. had not forfeited her objection, we would conclude it had no merit. (See *Bullcoming v. New Mexico* (2011) 564 U.S. ___, fn. 6 [131 S.Ct. 2705, fn. 6] [business and public records are generally not subject to the confrontation clause because they are usually created for the agency's administrative purposes, not to prove a fact at trial (plurality holding)]; *People v. Holmes* (2012) 212 Cal.App.4th 431, 437-438 [statement's primary purpose must pertain to criminal prosecution].) While attendance records are used in wardship proceedings to establish truancy that is not their primary use. Public schools are statutorily required to record student attendance and those records are primarily used for budgetary and funding purposes. (Ed. Code, §§ 1244, 46000, 46010.3, 46300.)

## II. THE ATTENDANCE RECORDS WERE ADMISSIBLE UNDER THE PUBLIC RECORDS EXCEPTION TO THE HEARSAY RULE.

G.G. argues that records of her purported absences were inadmissible under the hearsay exception for official records (Evid. Code, § 1280) because the employees who made the entries into the AERIES system were not identified and nothing in Kottke's testimony explained (1) how the school clerks make the decision to accept or reject an absence excuse, (2) the training the clerks receive on using the system and (3) the protections in place to determine the accuracy or reliability of their inputs and determinations.

At the hearing, G.G. did not object to the attendance records on the ground that they were hearsay but on the ground that Kottke had not shown through her own knowledge that the requirements for the business records or official records exceptions to the hearsay rule had been met. An objection based on lack of personal knowledge goes to the foundation for the evidence's admissibility and is a separate objection from hearsay. (*Jackson v. Department of Motor Vehicles* (1994) 22 Cal.App.4th 730, 738.)

Evidence Code section 1280 states: "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies: [¶] (a) The writing was made by and within the scope of duty of a public employee. [¶] (b) The writing was made at or near the time of the act, condition, or event. [¶] (c) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

The official records exception is generally easier to establish than the business records exception (Evid. Code, § 1271) because, unlike the business records exception, the official records exception does not require a witness to testify to the record's identity and mode of preparation. (*Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 317-319.) In *People v. Dunlap* (1993) 18 Cal.App.4th 1468, 1477, the court explained: "Although similar to the business records exception . . . , the official records exception differs in one important respect. '[The former] requires a witness to testify as to the identity of the

4

record and its mode of preparation in every instance.  In contrast, [the official records exception] permits the court to admit an official record or report without necessarily requiring a witness to testify as to its identity and mode of preparation *if the court takes judicial notice or if sufficient independent evidence shows that the record or report was prepared in such a manner as to assure its trustworthiness.*'"  (Quoting from Cal. Law Revision Com. com., 29B West's Ann. Evid. Code (1966 ed.) § 1280, p. 316.)  In addition, the statutory presumption that an official duty has been regularly performed (Evid. Code, § 664) applies to official writings, but not to business records, and helps lay the foundation for admission of the official writing because the presumption shifts the burden of proving the foundational issue of trustworthiness of the method of preparing the official writing to the party objecting to its admission.  (*People v. Martinez* (2000) 22 Cal.4th 106, 130.)

For the reasons explained above, the People did not have to present evidence of the identity of the clerks who prepared the reports or the mode of their preparation.  G.G. produced no evidence that the records were untrustworthy.  On the other hand, the school district has a strong financial incentive not to record students as absent from class since the district's state funding is dependent on its "average daily attendance." (See discussion *ante*, at p. 3.)

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                              ROTHSCHILD, Acting P. J.

We concur:


        CHANEY, J.


        MILLER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.